■ NORTH SHORE BEACH PROPERTY OWNERS ASSOCIATION, INC., Suing on Behalf of Itself and Others Similarly Situated as Property Owners in and in the Vicinity of North Shore Beach, Rocky Point, Respondent-Appellant, v. TOWN OF BROOKHAVEN et al., Appellants-Respondents. (Action No. 1.) NORTH SHORE BEACH PROPERTY OWNERS ASSOCIATION, INC., Suing on Behalf of Itself and Others Similarly Situated as Property Owners in and in the Vicinity of North Shore Beach, Rocky Point, Respondent-Appellant, v. TOWN OF BROOKHAVEN et al., Appellants-Respondents. (Action No. 2.) NORTH SHORE BEACH PROPERTY OWNERS ASSOCIATION, INC., Suing on Behalf of Itself and Others Similarly Situated as Property Owners in and in the Vicinity of North Shore Beach, Rocky Point, Respondent-Appellant, v. TOWN OF BROOKHAVEN et al., Appellants-Respondents. (Action No. 3.) NORTH SHORE BEACH PROPERTY OWNERS ASSOCIATION, INC., Suing on Behalf of Itself and Others Similarly Situated as Property Owners in and in the Vicinity of North Shore Beach, Rocky Point, Respondent-Appellant, v. TOWN OF BROOKHAVEN et al., Appellants-Respondents. (Action No. 4.) (Consolidated Actions.) — Appeal by the Town of Brookhaven, the town board and the town building inspector and by three of four property owners affected, from a judgment declaring that amendments to the building zone resolution adopted by the town board on March 26, 1952, granting a change of zone of the four properties involved

from residence to business, are invalid because of improper publication and posting. The same parties and the fourth property owner appeal from an order granting plaintiff's motion for a temporary injunction and from an order denying their motions for judgment on the pleadings. Plaintiff appeals from the decision and judgment insofar as the relief is sought is refused on other grounds. Judgment affirmed, with costs. No opinion. Appeals from orders dismissed as academic, without costs. Appeal from decision dismissed, without costs. No appeal lies from a decision. Wenzel, Acting P. J., Beldock, Murphy and Kleinfeld, JJ., concur; Ughetta, J., concurs in the dismissal of the appeals from the orders and the decision, but dissents from the affirmance of the judgment, with the following memorandum: The publication and posting required by the statute is not designed to afford property owners an opportunity to appear and object to the ordinance on the merits; it is intended rather to give notice of the existence of a duly enacted law. Plaintiff was not injured by the failure to comply with any requirements as to posting and publication, and while the ordinance would not become effective until after the statutory notice had been given, it was and is nonetheless a valid enactment needing only compliance with the requirements as to such notice in order to become operative. The defendants town and town board should be given an opportunity to comply with the law before a permanent injunction issues, and the judgment should be modified accordingly.