Bradley J. Carr, Esq. Attorney for the Town of Camillus Zoning Board of Appeals and Planning Board
This is in reply to your letter of January 5, 1978, wherein you ask for an opinion as to the proper method for a town to grant an area variance.
Town Law, § 267 (5) defines the power of town zoning boards in passing upon applications for variances as follows:
 "Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinances, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done."
As we stated in 1966 Atty Gen [Inf Opns] 63, "it has been held that the above provision of law empowers the board of appeals to pass upon area variances which may be granted on the ground of practical difficulties alone without a showing of unnecessary hardship" (citations omitted).
General Municipal Law, § 239-m provides that:
 "In any * * * town * * * which is located in a county of a county planning agency, which is within the jurisdiction of a metropolitan or regional planning * * * agency, each municipal body which has jurisdiction to adopt or amend zoning regulations * * * or grant variances pursuant to such regulations, shall, before taking final action, * * * refer * * * to such county, metropolitan or regional planning agency.
 "(a) any municipal zoning regulation, or any amendment thereof, which would change the district classification of or the regulations applying to real property lying within a distance of five hundred feet from the boundary of any city, village or town * * * and (b) any * * * variance affecting such real property within such distance of five hundred feet." (Emphasis supplied.)
The statute further provides that if the planning agency, after such referral, fails to make a recommendation within thirty days, "the municipal body having jurisdiction to act may do so without such report." In the event that such planning agency either disapproves the proposal, or recommends modification thereof, "the municipal agency having jurisdiction shall not act contrary to such disapproval or recommendation except by a vote of a majority plus one of all the members thereof and after the adoption of a resolution fully setting forth the reasons for such contrary action."
It has been held that the legislative mandate imposed on municipal bodies that they defer taking final action on zoning regulations until after referral to the county, metropolitan or regional planning agency is a condition precedent to such final action by municipalities on the zoning matters specified (Weinstein v. Nicosia, 32 Misc.2d 246 [Supreme Court, Erie County, 1962], affd 18 A.D.2d 881 [Fourth Dept., 1963]; Schaus v.Town Board of Town of Clifton Park, 83 Misc.2d 726 [Supreme Court, Saratoga County, 1975]).
Town Law, § 264 states that for any proposed zoning change or amendment affecting property within five hundred feet of the boundaries of any other municipality, public housing project, state park or parkway, the town board shall provide written notice and a public hearing at which parties in interest and citizens shall have an opportunity to be heard. The notice and public hearing requirements are also applicable to all changes or amendments made to any zoning ordinance (Town Law, §265).
In North Shore Beach Property Owners Ass'n. v Town of Brookhaven, 1954, 129 N.Y.S.2d 697, affd 1 A.D.2d 1043 (Second Dept., 1956) it was held that Town Law, § 264 applies when zoning districts are being established, restrictions are being instituted, and broad changes of zoning are being effected, while Town Law, § 265 applies to modifications of a lesser degree, as well as to instances involving applications of individual property owners. Thus, as we concluded in 1965 Attn Gen [Inf opns] 121, where a county, metropolitan or regional planning agency exists, notice of all proposed zoning changes must be given to such agency in matters enumerated in General Municipal Law, § 239-m, whereas notice of only broad zoning changes by town boards affecting real property within 500 feet of the boundaries of another municipality, public housing project, state park or parkway need by given to such municipality or public agency.