VILLAGE OF MILL NECK, Respondent, v. WALTER J. NOLAN, Appellant.

Second Department, July 8, 1931.

*Dominic B. Griffin,* for the appellant.

*William T. McCoun* [*David C. Bennett* of counsel], for the respondent.

PER CURIAM. In our opinion, the Zoning Ordinance of the plaintiff was not adopted in conformity with the provisions of the statute (Village Law, §§ 178, 179, added by Laws of 1923, chap. 564), in that substantial changes and amendments were made by the board of trustees subsequent to the public hearing held upon the proposed ordinance and without any new public hearing upon such changes and amendments. The said ordinance is, therefore, void.

But if it be assumed that the ordinance is valid, it is undisputed that the defendant's property was devoted to a business use before the adoption of the ordinance, and, as found by the Special Term, he is, therefore, entitled to continue such use and to erect and maintain the structures in question upon obtaining the necessary permit and certificate, which may not be refused him by the village authorities. Believing that the defendant acted in good faith in asserting the invalidity of the ordinance and in erecting the structures without a permit, it would, in our opinion, be inequitable to require their removal since he may restore them upon obtaining the necessary permit. To compel their removal, therefore, under such circumstances, would subject him to unnecessary expense with no corresponding benefit to plaintiff.

Even though the ordinance be deemed valid, we deny the plaintiff such relief in the exercise of our discretion. This exercise of discretion is to be limited to the peculiar facts and circumstances of this case and is not to be taken as justifying generally the erection of structures without the required permit and certificate, even though they conform to the provisions of the ordinance.

The judgment on the complaint should, therefore, be reversed upon the law, with costs, and the complaint dismissed, with costs. The judgment, in so far as it dismisses defendant's counterclaim, should be affirmed, without costs.

LAZANSKY, P. J., YOUNG, CARSWELL and SCUDDER, JJ., concur; DAVIS, J., dissents.

Judgment on the complaint reversed upon the law, with costs, and complaint dismissed, with costs. Judgment, in so far as it dismisses defendant's counterclaim, affirmed, without costs. Conclusions of law inconsistent herewith are reversed and new conclusions will be made. Settle order on notice.