SAMUEL BRECHNER et al., Appellants, v. INCORPORATED VILLAGE OF LAKE SUCCESS et al., Respondents.—

Nolan, P. J., Beldock, Kleinfeld and Christ, JJ., concur; Pette, J., dissents and votes to reverse the judgment and to direct judgment declaring the amendments to the Village Zoning Ordinance to be invalid and unenforcible, with the following memorandum: The effect of these 1958 amendments was to rezone from highly residential to commercial, business and professional use the land of one individual: Marvin Gilman (who was made a defendant in this action by court order). At the time of the adoption of such amendments he had a separate action pending against the village in which he attacked the validity of a prior 1955 amendment which had the effect of upzoning his land so as to require a larger area in connection with residential use. Plaintiffs' lands are approximately 1,000 feet distant from Gilman's land. In my opinion, the proof established: (1) that the 1958 amendments, which in effect carved Gilman's land out of a highly residential district and placed it in a special category, constitute "spot zoning" made by the village in collaboration with him for his benefit; (2) that such amendments do not promote the existing plan of comprehensive zoning for the entire village but tend to impair it; and (3) that plaintiffs' lands unquestionably have been affected adversely and their value diminished to some degree by the 1958 amendments and the new permitted uses, and hence, plaintiffs are entitled to maintain this action. It would clearly appear that under the guise of a legislative amendment of the Zoning Ordinance the village officials have, in effect, granted an extensive variance to Gilman, permitting him to utilize his land in a substantially more profitable manner, without requiring him to institute a proceeding for a variance and without the necessity of establishing in such a proceeding his right to a variance on the ground of unnecessary hardship, by showing that the conditions affecting his land are uniquely different from the conditions affecting other land in the same zone. Under the circumstances, such a piecemeal amendment of the Zoning Ordinance by limiting the amendment to a specific tract of land, inevitably destroys the comprehensive zoning plan of the village even more effectively than the piecemeal variance exemption of a tract of land from the restrictions of the zoning ordinance. Such an amendment should not receive judicial sanction.