■ ALICE MARCUS et al., Appellants, v. INCORPORATED VILLAGE OF SPRING VALLEY et al., Respondents.— In an action for a judgment declaring that a zoning ordinance amendment, adopted October 23, 1964, was invalid, plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Rockland County, entered January 26, 1965, as granted defendants' motions to dismiss the complaint for failure to state a cause of action and for summary judgment; and (2) an order of the same court, entered March 15, 1965, which granted plaintiffs' motion for reargument and on reargument adhered to the original determination. Order entered March 15, 1965, insofar as appealed from, reversed, with $10 costs and disbursements, and defendants' motions to dismiss the complaint for failure to state a cause of action and for summary judgment denied, without costs. Appeal from order entered January 26, 1965 dismissed, without costs. That order was superseded by the order entered on reargument. In our opinion, the complaint sufficiently alleged pecuniary loss so as to constitute plaintiffs aggrieved parties who could contest the validity of the zoning enactment (cf. *Westchester Motels* v. *Village of Elmsford,* 20 A D 2d 818). We are also of the opinion that summary judgment may not be granted defendants, as there is a triable issue of fact as to whether notice was given the Town of Ramapo, as required by subdivision 1 of section 178 of the Village Law. If that notice was not given, the amendment would be invalid. However, we believe that the amendment is not subject to attack on the ground that it was enacted without public notice or hearing. It was substantially the same as one adopted on October 12, 1964 following notice and hearing, and thereafter rescinded; and under such circumstances a second notice and hearing are not required (cf. *Village of Mill Neck* v. *Nolan,* 233 App. Div. 248, affd. 259 N. Y. 596; *Matter of Hall* v. *Leonard,* 260 App. Div. 591, affd. 285 N. Y. 719; *Brechner* v. *Incorporated Vil. of Lake Success,* 25 Misc 2d 920, affd. 14 A D 2d 567). Brennan, Rabin, Hopkins and Benjamin, JJ., concur; Ughetta, Acting P. J., concurs in the result only.

■ NORTH SHORE EXCHANGE, INC., Respondent, v. HOME INSURANCE COMPANY et al., Appellants.— In an action to recover moneys claimed to be due under certain fire insurance policies, the defendants appeal from an order of the Supreme Court, Kings County, entered July 20, 1965, which denied conditionally their respective motions to dismiss the complaint for lack of prosecution. Order reversed, without costs, motions granted unconditionally, and complaint dismissed, without costs. Pursuant to CPLR 3216, as amended, defendants duly served upon plaintiff's attorneys a notice demanding that within 45 days plaintiff file a note of issue. Plaintiff admits the failure to comply and the excuse proffered by its attorney is not sufficient (see *Heller* v. *Josephthal & Co.,* 21 A D 2d 872). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.