Bertram Harnett, J.
The Iannarones, who reside in Inwood in the Town of Hempstead, object to the rezoning of land within 100 feet of their residence, claiming that:
1. The rezoning application was first voted on by the Town Board of Hempstead and failed to receive a majority vote. The next week, the Town Board voted again, and passed, by a simple majority, the same rezoning application, improperly, because it did not then hold a new public hearing.
*213 2. The resolution granting the zoning was ineffective because a protest had been filed by the owners of at least 20% of the requisite adjoining area and that under section 265 of the Town Law, where such a protest has been filed, approval must be made by three fourths of the board.
3. The ordinance is invalid as it was not adopted pursuant to a comprehensive development plan for the Town of Hempstead.
A chronological narrative is helpful to follow the course of events involved. On August 15, 1967, a public hearing, pursuant to notice, was held by the Town Board of the Town of Hempstead, then consisting of six members, on the Control Corporation's application to rezone four parcels of land from business and residence “ B ” to light manufacturing and business. Before the hearing, a petition was filed, purporting to contain the signatures of owners of at least 20% of the land in the legally affected area, protesting the granting of the application.
The Town Board of Hempstead was increased to eight members on January 1,1968, after the hearing and before the action. On April 23, 1968, the application was voted upon in Resolution 943-1968 and received four ayes, with one member absent, and three abstentions. On April 30, 1968, this was rescinded by Resolution 1011-1968, and by a vote of five ayes and three abstentions, the application was approved by Resolution 1012-1968.
The plaintiffs, the Iannarones, brought a declaratory judgment to have the rezoning nullified and to enjoin Control Corporation from proceeding with the alterations permitted by the rezoning. The defendant, Control Corporation, moved for summary judgment dismissing the complaint, and, the plaintiffs cross-moved for summary judgment granting to them the relief sought in their complaint.
The three issues to be considered upon these motions are:
1. Whether a valid protest was filed requiring that the rezoning be approved by three fourths of the membership of the Town Board;
2. Whether the board was empowered to grant the application on April 30, 1968 without holding a new public hearing; and
3. Whether the rezoning was in accordance with the comprehensive plan of the Building Zone Ordinance of the Town of Hempstead.
Section 265 of the Town Law states: ‘1 Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed by ordinance. *214 In case, however, of a protest against such change signed by the owners of twenty per centum or more, either of the area of the land included in such proposed change, or of that immediately adjacent extending one hundred feet therefrom or of that directly opposite thereto, extending one hundred feet from the street frontage of such opposite land, such amendment shall not become effective except by the favorable vote of at least three-fourths of the members of the town board. The provisions of the previous section relative to public hearings and official notice shall apply equally to all changes or amendments.” The Town of Hempstead presented a map of the affected area drawn by a civil engineer employed by the Engineering Department of the Department of Public Works of the Town of Hemp-stead. The map indicated that there was an area of 122,675 square feet within the 100-foot radius of the parcels included in the rezoned area. In order for a protest to be made, the signatures of owners of 24,532 square feet in that radius would be necessary. Plaintiffs claim that the protest filed contained the signatures of owners of 26,360 square feet. However, two persons who signed the protest were not owners of the property within the affected area at the time they filed the protest and others revoked their protest after it had been given. The property owned by these persons aggregated 12,820 square feet, and, when this total is substracted from the 26,360 square feet the plaintiffs claimed to have included in their protest, the 13,540 square feet area remaining falls short of the requisite 20% of the affected area. Accordingly, the rezoning may be accomplished by majority vote of the Town Board and not three fourths.
Seven members of the Town Board attended the April 23, 1968 meeting and passed the first Resolution numbered 943-68, with four votes and three abstentions. This failed of the requisite majority, since it received affirmatively only four out of the eight possible votes of the whole board. Section 41 of the General Construction Law provides: “Whenever three or more public officers are given any power or authority * * * a majority of the whole number of such persons or officers * * * shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words ' whole number ’ shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting.” (Emphasis added.)
*215 The plain unambiguous meaning of the section would require five affirmative votes for the resolution to pass. Since only four of the total of eight members of the board voted in favor of the Resolution 943-68, it failed to pass (Matter of Incorporated Vil. of Farmingdale v. Inglis, 17 A D 2d 655; Matter of Town of Smithtown v. Moore, 11 N Y 2d 238).
The issue then devolves itself to the validity of Resolution 1012-1968 re-enacting Resolution 943-68 identically, but with the requisite majority of five votes, without a new public hearing.
In Marcus v. Incorporated Vil. of Spring Valley (24 A D 2d 1021) the Spring Valley Village Board had adopted a zoning resolution on October 12, 1964 following regular notice and hearing, but, thereafter rescinded the resolution at an October 23, 1964 meeting because of the absence of a Planning Commission recommendation. Having received the recommendation between these two meetings, it proceeded to pass the resolution again at the October 24, 1968 meeting without prior notice or public hearing. Under these circumstances, the court held that the second notice and hearing were not required. This position is supported by Village of Mill Neck v. Nolan (233 App. Div. 248, affd. 259 N. Y. 596); Brechner v. Incorporated Vil. of Lake Success (25 Misc 2d 920, affd. 14 A D 2d 567, app. dsmd., 11 N Y 2d 929). These cases indicate that a new notice and hearing are required only when the resolution sought to be acted upon is substantially different from that which was the subject of the original hearing. Rabasco v. Town of Greenburgh (285 App. Div. 895) required on its own facts new board action, but, in affirming the result the Court of Appeals (309 N. Y. 735, 738) said: “We do not place our affirmance upon the ground that reconsideration by the town board could not be had without a new notice of hearing. No opinion.”
The Marcus case (supra) controls the instant situation. The factual situation is on all fours. In both cases, after the board had acted upon a zoning ordinance, it rescinded its original qction and passed a new resolution, which was substantially the same as the original resolution. The important element here is that no prejudice results to the plaintiffs, since they were fully heard on the application. The entire time sequence was proximate and immediate, one of reconsideration, where both the board and the public remained fully apprised. No change in circumstances appears to have arisen. Indeed, plaintiffs failed to come forward with any new names on their petition from the hearing in 1967 through the April 23, 1968 Town *216 Board meeting, though they could have done so. Under section 264 of the Town Law the amendment which was passed was for all realistic purposes noticed and subjected to public hearing.
In expressing this opinion, the court notes the action of a board in rescinding any resolution and adopting even a similar new one, without notice, is a practice fraught with undemocratic peril. Public notice is at the cornerstone of the legislative process. However, in this instance, the statutory provisions have been met, and the purposes of fairness, disclosure and opportunity to be heard have been served. To overthrow the board action on the lack of a duplicate hearing opportunity would seem overly technical. In less compelling circumstances, more scrutiny would be given to the procedure adopted.
Plaintiffs ’ final contention is that the zoning change was' not made in accordance with the comprehensive plan of the Building Zone Ordinance of the Town of Hempstead. The comprehensive plan of a municipality is not always easily recognizable. Whether a rezoning is in accordance with the comprehensive plan is a factual question, not properly disposed of on a motion for summary judgment (CPLR 3212, subd. [b]; cf. Udell v. Haas, 21 N Y 2d 463).
Pursuant to CPLR 3212 (subds. [e], [g]) this court finds that Besolution 1012-68 of the Hempstead Town Board, acting on the rezoning application, required and received a majority vote of the Town Board upon adequate notice and hearing. This court further finds that a factual question exists as to whether the rezoning in question was in accordance with a comprehensive plan. Accordingly, partial summary judgment is awarded to the defendant Control Corporation to the extent that no issue remains as to the number of votes required on the Town Board and the requirement of further notice of hearing. However, since a triable issue of fact remains as to whether the rezoning action was done in compliance with a comprehensive plan, summary judgment is denied to the defendant Control Corporation as to this part. The plaintiffs’ cross motion is denied, except to the extent encompassed within these findings.