■ In the Matter of THOMAS J. CHEESMAN, Respondent, v. ZONING BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF BABYLON, Appellant.— In a proceeding pursuant to article 78 of the CPLR to review appellant's denial of petitioner's application for an area variance, the appeal, by permission of this court, is from a judgment of the Supreme Court, Suffolk County, dated September 13, 1967, which remanded the matter to appellant for a new hearing. Judgment modified, on the law, (1) by striking from the decretal paragraph thereof the provision that the hearing shall be based on the premise that the 50-foot minimum frontage requirement of the ordinance of 1961 is not effective as to petitioner's premises and (2) by providing in lieu thereof that the hearing shall be on the issue whether the variance sought by petitioner should be granted under the general power conferred on appellant by section 179-b of the Village Law. As so modified, judgment affirmed, without costs. In 1945 the owner of a large tract of land in the Village of Babylon conveyed part of it to one Anderson, who transferred said portion in 1955 to Swyden Realty Corp. The parcel conveyed had a street frontage of 44.09 feet and

was situated in a Residence "B" zone, in which the local zoning ordinance had since 1938 required a minimum street frontage of 50 feet. In 1961 the zoning ordinance was comprehensively changed and amended and the subject property was placed in a Residence "A-9" zone, in which a street frontage of at least 85 feet is required. The published notice of public hearing on the amendment proposal (Village Law, §§ 90, 178, 179) included in the amendments the proposed subdivision (f) of section 425, which would permit construction on lots less than 85 feet wide when authorized by the Board of Appeals. Following the public hearing, the new ordinance was adopted, but with the addition to this subdivision (f) of a 50-foot minimum frontage requirement which had not been in the proposal as published. Thereafter, in 1962, this subdivision was republished as adopted and was readopted. In 1966 Swyden conveyed the premises to petitioner, who applied to the appellant Zoning Board of Appeals for the appropriate variances to permit him to build a one-family dwelling. The board denied the application on the grounds that (1) the subject property was illegally subdivided in 1945 in that it did not have the required 50-foot minimum street frontage and (2) construction of the proposed building would tend to depreciate the value of the adjoining properties. Special Term held that the addition of the 50-foot minimum frontage requirement to subdivision (f) of section 425 as adopted in 1961 was a substantial change from the description of that subdivision in the published notice, thereby invalidating the addition of the 50-foot requirement; and remanded the matter to the board, as stated in the order under review, for "a new hearing based upon the fact that the ordinance of 1961 gave petitioner's premises the status of being held in single and separate ownership without any requirement that there be a 50 foot minimum frontage." We find that the published notice of the proposed amendment of the zoning ordinance adequately described "in general terms" (cf. Village Law, § 90) subdivision (f) of section 425 thereof. In our opinion the inclusion of the 50-foot minimum frontage requirement in the subdivision as adopted was not a change of such substantial and material nature as to require a new hearing prior to adoption (cf. *Village of Mill Neck* v. *Nolan*, 233 App. Div. 248, affd. 259 N. Y. 596; *Kalvaitis* v. *Village of Port Chester*, 235 N. Y. S. 2d 44). We conclude that subdivision (f) was validly adopted in 1961 and its republication and readoption in 1962 was a work of supererogation not necessary for its validity. It follows from this that the 50-foot minimum frontage requirement was continuously in effect from 1938 to the date of the controversy. It was therefore error to direct that the new hearing be based on the premise that the subject property is free from any requirement of a 50-foot minimum frontage. That the property is subject to the 50-foot minimum frontage requirement does not deprive appellant of its general power to grant variances from the provisions of zoning ordinances (Village Law, § 179-b). The matter should therefore have been remitted to appellant for a hearing *de novo* as to whether the variance sought should be granted under the general power conferred on appellant by section 179-b of the Village Law. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.