Arthur C. Aulisi, J.
The principal question presented, for determination on this application involves the application of the provisions of section 239-m of the General Municipal Law which requires the referral of certain proposed municipal zoning actions to county, metropolitan or regional planning agencies.
*727 The facts in this case are not in dispute and are simply stated. An application was made to the Town Board of the Town of Clifton Park (Town Board) to amend its zoning law by changing the land use designation of certain described lands from an agricultural and rural use to a neighborhood business use. A public hearing was held on the proposed amendment on May 5, 1975, immediately following which the Town Board, with one of its members absent, voted 3 to 1 in favor of the proposed amendment. Some eight days later, on May 13, 1975, the proposed amendment was referred by the Town Board to the Saratoga County Planning Board (Planning Board). On June 11, 1975, the Planning Board notified the Town Board of its approval of the proposed amendment. At a later meeting of the Town Board, the proposed amendment was again voted on since a question had been raised as to the validity of its May 5, 1975 vote because of the failure to comply with the provisions of section 239-m of the General Municipal Law. With all members present, the Town Board voted 3 to 2 in favor of the proposed amendment. The petitioners (referred to in the title as "Plaintiffs”) thereupon commenced this proceeding under CPLR article 78, by petition and order to show cause, seeking a judgment directing the respondents (referred to in the title as "Defendants”) to rescind the local law by which the proposed amendment was to be effected and "reversing and annulling any alleged determination, and determining no valid action was taken by a properly constituted Town Board”.
It is the contention of the petitioners that the action taken by the Town Board at its May 5 meeting was improper and ineffective because the proposed amendment had not been referred to the Planning Board as required by section 239-m of the General Municipal Law; that the failure to do so nullified all prior proceedings, including the hearing, of the Town Board; and that the vote taken at the second meeting of the Town Board was likewise improper and ineffective because a new public hearing had not been held following receipt of the Planning Board report.
At the outset, it should be noted that the exercise of zoning powers is a legislative function not subject to review in an article 78 proceeding (Matter of Neddo v Schrade, 270 NY 97; Matter of Miles v Town Bd. of Rotterdam, 68 Misc 2d 353). However, where sufficient facts are alleged the proceeding need not be dismissed, but may be regarded as an action for a declaratory judgment and considered on the merits (Matter of *728 King Road Materials v Town Bd. of Rotterdam, 37 AD2d 357, affd 32 NY2d 890; Matter of Mandis v Gorski, 24 AD2d 181).
Section 239-m of the General Municipal Law provides in pertinent part that "In any city, town or village which is located in a county which has a county planning board, commission or other agency * * * each municipal body which has jurisdiction to adopt or amend zoning regulations * * * shall, before taking final action on certain of such matters, refer the same to such county * * * planning agency”. The matters covered are enumerated in the statute and its applicability here is not questioned.
The Planning Board is required to make a report of its recommendations to the referring municipal body with a full statement of the reasons for such recommendations within 30 days after receipt of the referred matter. If the Planning Board fails to act within the 30-day period, or such extended period as may be agreed upon, the municipal body may act without such report.
On the other hand, if the Planning Board disapproves the proposal, or recommends modification thereof, the municipal body may not act contrary to such disapproval or recommendation except by a vote of a majority plus one of all its members and after the adoption of a resolution stating the reasons for such contrary action.
The statute is expressive of a legislative policy and intent that the public interest requires that certain classes of zoning actions by a municipal body be "reviewed” by the county, metropolitan or regional planning agency concerned "as an aid in coordinating such zoning actions * * * by bringing pertinent inter-community and county-wide considerations to the attention” of the municipal body. (General Municipal Law, § 239-1, added by L 1960, ch 1041, as amd by L 1961, ch 835, L 1968, ch 962.)
This legislative mandate imposed on municipal bodies is jurisdictional. It is a condition precedent to "final action” by the municipalities on the zoning matters specified. Where the Planning Board approves the proposal, or fails to act within the applicable time period, a bare majority vote by the municipal body is sufficient. (Matter of Smithtown v Howell, 31 NY2d 365; General Construction Law, § 41.) Where, however, the Planning Board disapproves or recommends modification of the proposal, the effect of section 239-m is to require more *729 than a bare majority, namely, a majority plus one of all of the members of the municipal body.
A Town Board is authorized to enact zoning laws after notice and public hearing. (Town Law, § 264.) The notice and public hearing requirements are also applicable "to all changes or amendments”. (Town Law, § 265.) The public hearing provides a forum for the expression of public opinion and also affords to persons who own land which will be affected by the proposal an opportunity formally to protest and to appear and present their views against the adoption of the proposed measure. (1 Anderson, American Law of Zoning, § 4.11, p 168.)
In this case, the notice and public hearing requirements of the Town Law and the county planning review mandate of the General Municipal Law have been met by the Town Board. Even if it is assumed that the action of the Town Board at its May 5, 1975 meeting was premature, the 3 to 2 vote in favor of the proposed amendment at the meeting held after receipt of the Planning Board report was sufficient for adoption since the proposed amendment was approved by the Planning Board. There is nothing in section 239-m which compels the Town Board to hold a public hearing after receipt of the Planning Board report. The only requirement of that section is that the Town Board refer certain zoning proposals to the Planning Board and await the planning report, or the lapse of 30 days or an extended period of time, before taking "final action” on the proposal.
A similar factual situation was presented in Marcus v Incorporated Vil. of Spring Valley (24 AD2d 1021), the facts of which are reviewed in Iannarone v Caso (59 Misc 2d 212, 215). In Marcus, the Village Board had adopted a zoning resolution after public notice and hearing at its October 12, 1964 meeting. This action was later rescinded because of the absence of a Planning Commission report. After receipt of such report, the Village Board proceeded to pass the same resolution at its October 23, 1964 meeting without prior notice or public hearing. Under these circumstances, it was held that a second notice and hearing were not required. A new notice and public hearing are required only when the proposal to be acted upon varies substantially from the proposal considered at the original hearing. (Village of Mill Neck v Nolan, 233 App Div 248, affd 259 NY 596; Brechner v Incorporated Vil. of Lake Success, 25 Misc 2d 920, affd 14 AD2d 567, app dsmd 11 NY2d 929.)
*730 The contention of the petitioners that section 265 of the Town Law requires a three-fourths vote of the members of the Town Board on the proposed amendment is not supported by any factual showing that, the owners of 20% or more of the lands adjácent to the land affected by the proposal signed and filed a protest against the change.
For the foregoing reasons, the petition must be dismissed.