■ In the Matter of Lincoln Avenue Associates, Appellant, v Town of Islip et al., Respondents. — In a proceeding pursuant to CPLR article 78, which, *inter alia,* sought review of respondents' denial of a permit to construct an industrial building on petitioner's premises and which sought to compel the respondent Town of Islip to redesignate petitioner's premises from residential to industrial on its official zoning map, the appeal is from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), dated May 4, 1982, which dismissed the petition. Judgment modified, on the law, proceeding converted into an action for a declaratory judgment, and it is declared that the town resolutions of December 16, 1969 and March 24, 1970 are invalid and in all other respects petition dismissed. As so modified, judgment affirmed, without costs or disbursements. In 1968, petitioner's predecessor in title applied to the Islip Town Board to have the subject premises, then zoned "Residence B", reclassified to "Industrial I". Public hearings were conducted, and on November 19, 1968, the town board unanimously denied the application. An application for reconsideration was thereafter submitted, and on December 16, 1969, without any public hearing or notice, the town board adopted a resolution reclassifying the property as "Industrial I", subject to conditions to be approved by the town board. On March 24, 1970, the town board, again without public hearing or notice, adopted a second resolution, this one specifically detailing the particular conditions for reclassification. These conditions were fulfilled, and the official zoning map of the Town of Islip was amended to reflect an industrial classification. In July, 1979, approximately a year after petitioner purchased the subject property, the respondent town, without notification to petitioner, changed the classification of the premises back to residential, claiming that the December 16, 1969 resolution was void because improper procedures were followed. When petitioner sought to construct an industrial

building, the permit was denied on the ground that the premises were zoned residential. This proceeding ensued. At the outset, we note that a proceeding pursuant to CPLR article 78 is not the proper vehicle to challenge a legislative act, such as the adoption of a zoning classification (*Matter of Paliotto v Cohalan*, 6 AD2d 886, affd 8 NY2d 1065; *Matter of Neddo v Schrade*, 270 NY 97). Petitioner's improper designation of the instant action does not, however, require dismissal. CPLR 103 (subd [c]) provides ample authority for the court to treat the present action as one for a declaratory judgment (see *Matter of Phalen v Theatrical Protective Union No. 1*, 22 NY2d 34). Turning to the merits, clearly the December 16, 1969 and March 24, 1970 resolutions purporting to change the zoning of the subject premises from residential to industrial, were invalid since they were passed without any public hearing and notice as required by section 264 of the Town Law (see *Village of Mill Neck v Nolan*, 233 App Div 248, affd 259 NY 596). A zoning ordinance may be amended without public hearing or notice in instances where the amendment is *substantially the same* as one recently *adopted* and rescinded (see *Marcus v Incorporated Vil. of Spring Val.*, 24 AD2d 1021), but such is not the case here. An application to rezone the property as industrial was actually *denied* on November 19, 1968 following a public hearing. Furthermore, the application, as approved by the December 16, 1969 and March 24, 1970 resolutions, *was not the same* as the one denied on November 19; conditions for town board approval were added by the two later resolutions (see *Rabasco v Town of Greenburgh*, 285 App Div 895, affd 309 NY 735). Nevertheless, petitioner contends that in spite of these procedural defects the respondent town acquiesced in the property's industrial classification by permitting its official zoning map to reflect that use and, therefore, is now estopped from claiming otherwise. Although we are sympathetic to petitioner, which purportedly relied on the alleged industrial classification in purchasing the property, we must reject its argument. It is well settled that estoppel may not be invoked to prevent a municipality from disclaiming the unauthorized or unlawful acts of its officers (see *La Porto v Village of Philmont*, 39 NY2d 7; *Abell v Hunter*, 211 App Div 467, affd 240 NY 702). The action of the town board in approving the zoning change without a public hearing and notice, contrary to the requirements of section 264 of the Town Law, was unauthorized, unlawful and *ultra vires*. The town board's approval "should not be permitted to give vitality to an otherwise illegal proceeding" (*Abell v Hunter, supra*, p 474). Mollen, P. J., Titone, Bracken and Brown, JJ., concur.