OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*1044 Only a departure in substance from the formula prescribed by statute will invalidate a municipal enactment (Quick v Town of Owego, 8 NY2d 1144, affg 11 AD2d 285, 287; see, Municipal Home Rule Law § 51; Bareham v City of Rochester, 246 NY 140, 151). The departures here claimed to invalidate are that the local law was not introduced by any member of the Village Board, that the Board had not properly voted to hold a hearing on the law, that the text of the law as adopted was not in possession of Board members for the period required by Municipal Home Rule Law § 20 (4) prior to adoption, and that the text as adopted and contained in the minutes differs from the text filed with the Secretary of State.
The record establishes that a proposed local law with the same text as was filed with the Secretary of State was forwarded by the Village Attorney to the Mayor and members of the Board on September 29, 1976, that the Village Attorney was directed at the October 14,1976 meeting of the Board to proceed with notice of public hearing, and that on October 18, 1976 he sent the Mayor and Board members the same text of the proposed local law with notice that the public hearing was calendared for November 1,1976. The October 14,1976 direction of the Board to the Village Attorney to prepare notice of hearing of the local law, the text of which was in the possession of all of its members, was a “substantial and sufficient compliance” with the requirement that such a law be introduced by a member of the Board at a meeting of the Board, and a sufficient vote to hold a public hearing (Commission of Public Charities v Wortman, 279 NY 711, affg 255 App Div 241, 245). The more particularly is this so in view of the unanimous vote for adoption at the November 1, 1976 meeting (Brechner v Incorporated Vil. of Lake Success, 25 Misc 2d 920, 924, affd 14 AD2d 567, appeal dismissed 11 NY2d 929; see, Village of Mill Neck v Nolan, 259 NY 596, affg 233 App Div 248; Marcus v Incorporated Vil. of Spring Val., 24 AD2d 1021; Iannorone v Caso, 59 Misc 2d 212). Nor, in view of the above facts, is there any question that the text of the law as adopted was in the possession of the Board members well in advance of the 10-day period provided for in Municipal Home Rule Law § 20 (4).
Plaintiff’s argument that the text as filed with the Secretary of State differs from that adopted November 1,1976 turns on the fact that the minutes of that meeting omitted the specific language reducing to 0% the exemption of business improvements that would otherwise apply pursuant to Real Property Tax Law § 485-b (7). Although the text of the law as set forth in the *1045 minutes did not state that it reduced the section 485-b exemption to zero, the minutes stated that a public hearing was opened on a local law “to reduce to zero the percentum of exemption,” contained a copy of the notice of public hearing which stated that the proposed local law would “reduce to zero the percentum of exemption,” and the title of the law adopted by the Board as recorded in the minutes stated that it “would change, supersede and amend Sec. 485-b of the Real Property Tax Law to reduce to zero the percentum of exemption for certain business improvements.” The minutes, thus, sufficiently summarize the matter unanimously adopted that there can be no question what was intended. Here, as in Matter of Jewett v Luau-Nyack Corp. (31 NY2d 298) and Northern Operating Corp. v Town of Ramapo (26 NY2d 404), plaintiff’s arguments are “technical at best, and even at a technical level” (31 NY2d, at p 307) provide no basis for invalidation of the local law in question.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with'costs, in a memorandum.