■ In the Matter of JOSEPH REALTY Co. et al., Appellants, v TOWN OF BABYLON et al., Respondents. [672 NYS2d 402] —In consolidated proceedings pursuant to CPLR article 78 to review resolutions of the Town Board of the Town of Babylon dated June 7, 1994, October 18, 1994, October 28, 1994, June 18, 1996, and August 20, 1996, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Kitson, J.), dated March 13, 1997, as denied the petitions and dismissed the proceedings.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

There is no merit to the petitioners' claim that the July 2, 1996, public hearing was held in violation of the Town Law. Although the continued hearing ordered by the Supreme Court was not held within the prescribed time limitations set forth under Town Law § 54 (4), the hearing was properly noticed anew under Town Law § 54 (3). The legal notice, in addition to containing a detailed history of the improvement at issue and the litigation giving rise to the continued hearing, also contained a statement of the manner in which the Town proposed to alter the method of apportioning the costs of the improvement as required by Town Law § 54 (4). The Town held the hearing wherein it discussed in detail not only the proposed method of apportioning costs, but other related matters as well. The public, including counsel for the petitioners, was given an opportunity to comment at the hearing and given a week to submit additional evidence. All questions asked at the hearing were subsequently answered in writing and provided to interested parties. Thus, the Town was in " 'substantial and sufficient compliance' " with the statute (*Alscot Investing Corp. v Laibach,* 65 NY2d 1042, 1044). "The important element here is that no prejudice results to [the petition-

ers], since they were fully heard [on the issue]" (*Iannarone v Caso,* 59 Misc 2d 212, 215, *affd* 33 AD2d 658).

Additionally, there is no merit to the petitioners' further contention that the petition should have been granted in a second proceeding because of the respondents' failure to comply with the Town Law before changing the properties benefitted by the improvement. Again, the statute was substantially complied with, and the petitioners have not been prejudiced in that they had a full opportunity to be heard on this issue also (*see, Alscot Investing Corp. v Laibach, supra; Iannarone v Caso, supra*).

The petitioners' remaining contentions are without merit. Pizzuto, J. P., Joy, Friedmann and Florio, JJ., concur.