■ JOSEPH CARUSO et al., Respondents, v TOWN OF OYSTER BAY et al., Appellants. [672 NYS2d 418] —In an action, *inter alia*, for a judgment declaring Local Laws, 1997, No. 1 of the Town of Oyster Bay invalid and unenforceable, the defendants appeal from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Feuerstein, J.), entered July 1, 1997, as granted the plaintiffs' motion for renewal and reargument and, upon renewal and reargument, declared Local Laws, 1997, No. 1 of the Town of Oyster Bay which provided for a six-month moratorium on the issuance of building permits for new home construction in Glen Head, invalid and unenforceable and directed the Town of Oyster Bay to review the building permit application of the plaintiff Joseph Caruso immediately upon service upon them of a copy of the order and to apply "Residence 'C' zoning criteria".

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof which declared Local Laws, 1997, No. 1 of the Town of Oyster Bay invalid and unenforceable and substituting therefor a provision declaring Local Laws, 1997, No. 1 of the Town of Oyster Bay valid and enforce-

able; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

Local Laws, 1997, No. 1 of the Town of Oyster Bay (hereinafter Local Law 1-97) did not differ substantially from Local Laws, 1996, No. 4 of the Town of Oyster Bay which had been approved by the Town Board of the Town of Oyster Bay (hereinafter the Town) and the Nassau County Planning Commission after notice and a public hearing. Under the circumstances of this case, the Town was not required to provide new notice, to hold a new public hearing, or to submit proposed Local Law 1-97 to the Nassau County Planning Commission prior to its adoption (*see, Marcus v Incorporated Vil. of Spring Val.,* 24 AD2d 1021; *Iannarone v Caso,* 59 Misc 2d 212, *affd* 33 AD2d 658). Therefore, the Supreme Court erred in determining that it was invalid and unenforceable.

However, we agree with the Supreme Court that the Town's refusal to review Joseph Caruso's building permit application was in bad faith and an attempt to delay the granting of the permit until the change in zoning had been enacted (*see, Matter of Pokoik v Silsdorf,* 40 NY2d 769). Accordingly, it was proper for the Supreme Court to direct the Town to review his application pursuant to the zoning criteria which applied when he filed his original application. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.