In the Matter of BENSON POINT REALTY CORPORATION, Respondent, v TOWN OF EAST HAMPTON, Appellant. [880 NYS2d 144]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Town of East Hampton dated May 6, 2005, which enacted Local Law No. 16 (2005) of Town of East Hampton, among other things, rezoning a parcel of real property owned by the petitioner, the Town of East Hampton appeals, by permission, from an order of the Supreme Court, Suffolk County (Costello, J.), dated November 28, 2007, which granted those branches of the amended petition which were to annul so much of the determination as rezoned the subject parcel on the ground that the Town of East Hampton failed to

comply with or provide proper notice pursuant to Town of East Hampton Town Code § 255-9-30 (G), Town Law § 264, and General Municipal Law § 239-m.

Ordered that the order is reversed, on the law, with costs, those branches of the amended petition which were to annul so much of the determination as rezoned the subject parcel on the ground that the Town of East Hampton failed to comply with or provide proper notice pursuant to Town of East Hampton Town Code § 255-9-30 (G), Town Law § 264, and General Municipal Law § 239-m are denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the remaining branches of the amended petition.

In April 2003 the petitioner applied to the Town of East Hampton Planning Board (hereinafter the Planning Board) for approval of its application to subdivide its 13-acre parcel into nine residential lots. At that time, the parcel was zoned residence district A, which required a minimum of one acre for each residential building lot.

In September 2004, while the petitioner's application was pending, the Town Board of the Town of East Hampton (hereinafter the Town Board) approved a draft comprehensive plan and a draft generic environmental impact statement, proposing town-wide zoning reclassifications, which included rezoning the petitioner's parcel from residence district A to residence district A5. Residence district A5 required a minimum of five acres for each residential lot.

It is undisputed that the petitioner received written notice of the proposed rezoning and of the public hearing to consider the proposal, which took place on November 4, 2004. The petitioner thereafter submitted written objections to the rezoning of its parcel, wherein it advocated that the parcel be rezoned as residence district A2, which required a minimum of two acres for each residential lot. The petitioner also submitted a letter prepared by an environmental consulting firm, identifying numerous purported inconsistencies with respect to the proposed rezoning of the parcel, based upon the protection of ground and surface water.

After reviewing the public input, the Town Board adopted a final generic environmental impact statement (hereinafter FGEIS) on April 14, 2005. The FGEIS contained a response to the petitioner's objections and recommended that the parcel be rezoned residential district A3, which required a minimum of three acres for each residential lot.

On May 6, 2005, the Town Board enacted Local Law No. 16 (2005) of Town of East Hampton, and thus voted to rezone the

petitioner's parcel so as to include it in a residence district A3. The petitioner thereafter commenced this proceeding to review the rezoning of its parcel, arguing, inter alia, that the Town failed to comply with Town Law § 264, General Municipal Law § 239-m, and the heightened notice and hearing requirements set forth in the Town of East Hampton Town Code (hereinafter Town Code) § 255-9-30.

The Supreme Court granted those branches of the petition which were to annul the determination on the ground of insufficient notice, concluding that the notice requirements articulated in the Town of East Hampton Town Code are more stringent than the requirements under state law, and mandate a second notice and hearing to address the decision to rezone the petitioner's parcel so as to include it in a residence district A3. We conclude that new notice and another public hearing are not required.

Town Law §§ 264 and 265 "require a town board to give the public at least 10 days' notice of the time and place of the public hearing at which proposed amendments to a local zoning ordinance will be discussed so that those interested in the amendments may attend and participate in the hearing. To facilitate regional review of amendments to a local zoning ordinance, General Municipal Law § 239-m requires the local municipality to refer its proposed amendments to the county planning board" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 677 [1996]). The notice must "fairly apprise[ ] the public of the fundamental character of the proposed zoning change [and] not mislead interested parties into foregoing attendance at the public hearing" (*id.* at 678).

Where changes are made to a proposed zoning amendment following the conclusion of a properly noticed public hearing, new notice and another public hearing are not required if the "amendment as adopted is embraced within the public notice" (*id.* at 679) or if the amendment as adopted is not substantially different from the amendment as noticed (*see Caruso v Town of Oyster Bay*, 250 AD2d 639 [1998]; *Marcus v Incorporated Vil. of Spring Val.*, 24 AD2d 1021 [1965]; *Matter of Suffolk Pines v Harwood*, 14 Misc 2d 826, 828 [1958], *affd* 10 AD2d 867 [1960]; *cf. Matter of LCS Realty Co. v Incorporated Vil. of Roslyn*, 273 AD2d 474 [2000]; *Callanan Rd. Improvement Co. v Town of Newburgh*, 5 AD2d 1003 [1958]; *Village of Mill Neck v Nolan*, 233 App Div 248 [1931], *affd* 259 NY 596 [1932]).

In the case at bar, the local law amending the Town's use district map (hereinafter the amendment), and thus rezoning the petitioner's parcel from a one-acre residential lot minimum

to a three-acre residential lot minimum, was embraced within the original notice, and the amendment, as adopted, was not substantially different from the amendment as noticed. The Town modified the amendment as initially proposed, based on the petitioner's objections, and the ultimate zoning classification was more favorable to the petitioner's interests than that initially proposed. Thus, the Town complied with Town Law § 264.

In addition, the Town complied with General Municipal Law § 239-m since the particulars of the amendment were embraced within the original referral.

Town Code § 255-9-30 (A) recites that "[a]ny amendment to the Use District Map . . . shall be adopted only after compliance with the notification provision set forth in Subsection G hereof." Subsection G states: "Where an amendment . . . is proposed, the Town Clerk shall serve . . . a notice . . . at least 30 days prior to the date set for the public hearing to consider the proposed amendment(s). Said notice shall contain a description of the proposed change, including the existing zoning and the proposed change(s) together with a map depicting the properties whose zoning classification will be amended with the proposed changes noted thereon."

We disagree with the Supreme Court's interpretation of Town Code § 255-9-30 as requiring the Town to provide notice and a hearing on every modification to a proposed zoning amendment made after the conclusion of a properly-noticed public hearing. "Although statutes will ordinarily be accorded their plain meaning, it is well settled that courts should construe them to avoid objectionable, unreasonable or absurd consequences" (*Long v State of New York*, 7 NY3d 269, 273 [2006]). The notice of enactment for Town Code § 255-9-30 (G) indicates that it was intended to give property owners "ample opportunity to understand any proposed changes and to provide the Town Board with their comments with regard to the same." Under the circumstances of this case, no purpose is served by requiring the Town to expend the resources to renotice the amendment and hold a new hearing since the petitioner was fully aware of the nature of the proposed amendment and had ample opportunity to voice its objections.

The petitioner's remaining contentions are without merit. Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.