Matter of Favre v Planning Bd. of the Town of Highlands (2020 NY Slip Op 03779)





Matter of Favre v Planning Bd. of the Town of Highlands


2020 NY Slip Op 03779


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-08246
 (Index No. 11504/18)

[*1]In the Matter of David Favre, et al., appellants,
v
Planning Board of the Town of Highlands, et al., respondents.


Law Office of Charles T. Bazydlo, P.C., Thompson Ridge, NY, for appellants.
Rider, Weiner & Frankel, P.C., New Windsor, NY (Michael J. Matsler of counsel), for respondent Planning Board of the Town of Highlands.
Terry Rice, Suffern, NY, for respondents West Point Realty, Inc., and Krish Realty, Inc.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of Highlands dated September 20, 2018, granting the application of the respondents West Point Realty, Inc., and Krish Realty, Inc., for site plan approval and a special exception use permit, the petitioners appeal from a judgment of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated May 21, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The respondents West Point Realty, Inc. (hereinafter West Point), and Krish Realty, Inc. (hereinafter Krish), each own a lot on Route 9W in the Town of Highlands, Orange County. The two lots are adjacent to each other and were formed by a prior subdivision. The lots are in the business zoning district of the Town. Hotels and restaurants are specially permitted uses in the business zoning district. In 2000, the lot owned by West Point was improved with a Holiday Inn Express hotel.
In 2016, West Point and Krish filed an application with the respondent Planning Board of the Town of Highlands (hereinafter the Planning Board) for site plan approval and a special exception use permit to build an 86-room, four-story hotel and a 72-seat, one-story restaurant on the undeveloped lot owned by Krish. On January 18, 2018, the Planning Board held a public hearing on the application. On September 20, 2018, the Planning Board, as the lead agency under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), issued a negative declaration and granted the application for site plan approval and a special exception use permit.
The petitioners are owners of property that directly abuts the lot that is to be developed with the hotel and the restaurant. The petitioners' property is used as an automobile body [*2]shop and a gas station. In November 2018, the petitioners commenced this CPLR article 78 proceeding seeking to review the Planning Board's determination granting the application of West Point and Krish for site plan approval and a special exception use permit. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
The petitioners' contention that the Planning Board was required to hold an additional public hearing after the site plans were revised is without merit (see Town Law §§ 274-a[8]; 274-b[6]; Matter of Basha Kill Area Assn. v Planning Bd. of Town of Mamakating, 46 AD3d 1309, 1313; see generally Matter of Benson Point Realty Corp. v Town of E. Hampton, 62 AD3d 989, 991). Here, the record establishes that an additional public hearing was not required as the revisions that were made to the site plans subsequent to the public hearing held on January 18, 2018, were insubstantial. The changes did not expand or change the basic layout or dimensions of the project (see Matter of Benson Point Realty Corp. v Town of E. Hampton, 62 AD3d at 991). Notably, the public hearing was held after an extensive process during which West Point and Krish had provided the Planning Board and its consultants with revised site plans and requested documentation.
Moreover, contrary to the petitioners' contention, the Planning Board complied with the requirements of section 239-m of the General Municipal Law. Pursuant to General Municipal Law § 239-m, a town planning board must refer an application for site plan approval and issuance of a special exception use permit to the county planning board or agency or regional planning council for its review (see General Municipal Law § 239-m; Town Law §§ 274-a[9]; 274-b[7]). General Municipal Law § 239-m(1)(c) requires a town planning board to submit to the county planning board or agency or regional planning council a "full statement of such proposed action," defined as "all materials required by and submitted to the referring body as an application on a proposed action, including a completed environmental assessment form and all other materials required by such referring body in order to make its determination of significance pursuant to [SEQRA]" (see Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d 829, 831). Only where "the revisions are so substantially different from the original proposal, [should] the county [agency] . . . have the opportunity to review and make recommendations on the new and revised plans" (Matter of Ferrari v Town of Penfield Planning Bd., 181 AD2d 149, 152). Here, a new referral was not required as the revisions made to the site plans after the referral had been made to the Orange County Department of Planning did not differ substantially from the original proposal, "such that the [Planning] Board did not fail to make a full statement of its proposed action" (Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d at 831).
Further, the petitioners' contention that the Planning Board failed to comply with SEQRA when it issued a negative declaration, obviating the need for an environmental impact statement, is without merit. "Judicial review of a negative declaration under SEQRA is limited to whether the lead agency identified the relevant areas of environmental concern, took the requisite hard look, and made a reasoned elaboration of the basis for its determination" (Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d 676, 679 [internal quotation marks omitted]; see Matter of Star Prop. Holding, LLC v Town of Islip, 164 AD3d 799, 801). Here, the record establishes that the Planning Board identified the relevant areas of environmental concern as related to the project, took the requisite hard look, and made a reasoned elaboration of the basis for its determination.
The petitioners' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
CHAMBERS, J.P., MALTESE, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court