Matter of Cook v Town Bd. of the Town of Southport

2026 NY Slip Op 03040

May 14, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of William Cook et al., Appellants,

v

Town Board of the Town of Southport et al., Respondents, et al., Respondent.

Decided and Entered:May 14, 2026

CV-25-0251

Calendar Date: March 25, 2026

Before: Garry, P.J., Reynolds Fitzgerald, Powers, Mackey And Ryba, JJ.

Lippes & Lippes, Buffalo (Joshua R. Lippes of counsel), for appellants.

Harter Secrest & Emery LLP, Rochester (Megan K. Dorritie of counsel), for Town Board of the Town of Southport and others, respondents.

[*1]

Ryba, J.

Appeal from a judgment of the Supreme Court (Elizabeth Aherne, J.), entered January 15, 2025 in Chemung County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Planning Board of the Town of Southport granting respondent Sonbyrne Sales, Inc. site plan approval.

Respondent Sonbyrne Sales, Inc., also known as Byrne Dairy (hereinafter Byrne Dairy), applied to respondent Planning Board of the Town of Southport (hereinafter the Town Planning Board) for site plan approval to construct and operate a convenience market and fueling facility on an approximately 0.85-acre lot located in a commercial regional zoning district in the Town of Southport, Chemung County. The proposed project involved the construction of a 4,232-square-foot convenience store offering prepared food and groceries, three gasoline fueling stations, and associated parking, utilities and landscaping. The Town Planning Board deemed Byrne Dairy's proposed use to qualify as a "convenience food mart" under the applicable zoning laws, designated the project as an unlisted action under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) and declared itself lead agency for purposes of an uncoordinated SEQRA review. Upon commencing its review, the Town Planning Board referred Byrne Dairy's application to the Chemung County Planning Board (hereinafter the County Planning Board) for a determination as to whether the project would have a significant county-wide impact. As required by General Municipal Law § 239-m, the referral was accompanied by what the Town Planning Board deemed to be a "[f]ull [s]tatement" of the proposed action, consisting of Byrne Dairy's initial application materials along with the required SEQRA forms. Upon review, the County Planning Board determined that the proposed project had no significant county-wide impact and recommended that a local determination by the Town Planning Board include, among other things, a further traffic analysis, consideration of sign placement and landscaping, verification of the correct use classification, and the visual impact of a proposed dumpster location.

Meanwhile, the Town Planning Board held a public hearing and considered public comments on the proposed project including opposition to Byrne Dairy's zoning use classification as a convenience food mart rather than a motor vehicle filling station, a more rigorous classification that was previously applied to a site plan application submitted by another business known as Aces & Eights. Thereafter, in response to the County Planning Board's recommendations and certain concerns raised by the Town Planning Board's engineering consultant, Byrne Dairy supplemented its application with additional information and made various adjustments and concessions which were incorporated into a revised site plan. Upon considering the supplemental submissions, the Town Planning Board issued a negative SEQRA [*2]declaration and approved Byrne Dairy's application and final site plan.

Petitioners, landowners neighboring the Byrne Dairy project, commenced this CPLR article 78 proceeding challenging the Town Planning Board's determination as, among other things, allegedly violative of General Municipal Law § 239-m, Town zoning ordinances and administrative precedent requiring classification of the Byrne Dairy project as a motor vehicle filling station rather than a convenience food mart. As relevant here, Supreme Court found that administrative precedent did not require classification of the Byrne Dairy project as a motor vehicle filling station and that classification of the project as a convenience food mart was supported by a rational basis. In addition, Supreme Court found that the Town Planning Board complied with General Municipal Law § 239-m by providing the County Planning Board with a full statement of the proposed action with its initial referral and was not required to make a second referral when Byrne Dairy revised its application. Supreme Court accordingly dismissed the proceeding, prompting this appeal by petitioners.FN1

We affirm. It is well established that "a local planning board has broad discretion in deciding applications for site plan approvals, and judicial review is limited to determining whether the board's action was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Southern Realty & Dev., LLC v Town of Hurley, 218 AD3d 900, 902-903 [3d Dept 2023] [internal quotation marks, brackets and citation omitted]; see Matter of Bigelow v Town of Willsboro Planning Bd., 243 AD3d 979, 981 [3d Dept 2025]). As with any agency determination, a planning board's action will be deemed arbitrary and capricious "when it is taken without sound basis in reason or regard to the facts" (Matter of Clean Air Action Network of Glens Falls, Inc. v Town of Moreau Planning Bd., 235 AD3d 1124, 1126 [3d Dept 2025] [internal quotation marks and citations omitted]). However, when the determination is supported by a rational basis, it will be sustained even if a different outcome would have also been reasonable (see Matter of Biggs v Eden Renewables LLC,188 AD3d 1544, 1548 [3d Dept 2020]; Matter of 2-4 Kieffer Lane LLC v County of Ulster, 172 AD3d 1597, 1600 [3d Dept 2019]).

Petitioners first maintain that review of the Aces & Eights application under the "motor vehicle filling station" classification established agency precedent requiring review of the Byrne Dairy application under the same standard, and that the Town Planning Board's failure to apply this precedent or provide an explanation for its failure to do so rendered its approval of Byrne Dairy's application irrational. Indeed, "a decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" (Matter of Monaghan v Schroeder, ___ NY3d ___, ___,2025 [*3]NY Slip Op 06959, *2 [2025][internal quotation marks, brackets and citation omitted]; see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal,18 NY3d 446, 453 [2012]; Matter of Atlanticare Mgt., LLC v Ives,212 AD3d 132, 143 [3d Dept 2022], lv denied 40 NY3d 902 [2023]; Matter of Lyell Mt. Read Bus. Ctr. LLC v Empire Zone Designation Bd., 129 AD3d 137, 145 [3d Dept 2015]). The party seeking to invoke a prior agency determination as precedent bears the burden to establish sufficient factual similarities to warrant its application to the matter under review (see Matter of Monaghan v Schroeder, ___ NY3d at ___,2025 NY Slip Op 06959, *3). Notably, where the prior agency determination "did not involve 'essentially the same facts,' " the agency need not address it in reaching a different result (Matter of Iskalo 5000 Main LLC v Town of Amherst Indus. Dev. Agency, 147 AD3d 1414, 1416 [4th Dept 2017], lv denied 29 NY3d 919 [2017], quoting Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 93 [2001]; see Matter of Davydoc v Mammina, 97 AD3d 678, 679 [2d Dept 2012]).

Here, Byrne Dairy sought site plan approval to construct and operate a convenience food mart, a classification defined by the Town of Southport's zoning laws as "[a] commercial retail use that combines two principal uses on a single parcel: the sale of motor vehicle fuel and accessory substances, as well as the sale of groceries" (Code of the Town of Southport § 525-5). On the other hand, Aces & Eights sought approval for a motor vehicle filling station, which is defined in relevant part as "[a] building or other structure . . . with pumps and storage tanks used primarily for the storage and sale of gasoline . . . and for other uses accessory thereto" (Code of the Town of Southport § 525-5). Notably, petitioners do not dispute that the Byrne Dairy project, consisting of a combined grocery market and gasoline filling station situated on a single parcel, falls squarely within the definition of a convenience food mart. Nor do they dispute that Aces & Eights elected to classify its project as a motor vehicle filling station due in part to a financial incentive offered to applicants approved under that classification. Instead, they contend that the Aces & Eights project was substantially similar to the Byrne Dairy project, thereby establishing agency precedent requiring the Town Planning Board to review the Byrne Dairy project as a "motor vehicle filling station" or explain its failure to do so, regardless of the use classification designated in Byrne Dairy's application.

We disagree. The two applications involved projects with different purposes and geographic sizes, with Byrne Dairy seeking to operate a convenience store and fueling facility on less than one acre of land, and Aces & Eights proposing a much larger multi-use complex including a restaurant and drive-thru on a four-parcel lot. Given the factual distinctions between [*4]the two projects and the different circumstances surrounding the applications, including the different use classifications chosen by each applicant, the Aces & Eights project was not so substantially similar to the Byrne Dairy project as to require the Town Planning Board to rely upon it as precedent or explain the failure to do so. As the Byrne Dairy project clearly qualifies as a "convenience food mart" within the meaning of the Town of Southport's zoning law, it was entirely rational for the Town Planning Board to review the application pursuant to the requirements of that classification.

As Supreme Court further determined, the Town Planning Board was not required to make a second referral to the County Planning Board after Byrne Dairy supplemented and revised its site plan application. As relevant here, General Municipal Law § 239-m requires a local agency to refer site plan applications to the appropriate county planning board for its recommendation and determination as to county-wide impact (see General Municipal Law § 239-m [3] [a] [iv]). The referral must include a "full statement of [the] proposed action," defined as "all materials required by and submitted to the referring body as an application on a proposed action, including a completed environmental assessment form and all other materials required by such referring body in order to make its determination of significance pursuant to [SEQRA]" (General Municipal Law § 239-m [1] [c] [internal quotation marks omitted]). When the application is revised or supplemented after the original referral, the local agency is not automatically obligated to make a second referral for the county agency to consider changes made to the project. A new referral is only necessary when revisions to the project are "so substantially different from the original proposal" that the county agency ought to have the opportunity to review and make recommendations on the revised plan (Matter of Coalition for Cobbs Hill v City of Rochester, 194 AD3d 1428, 1436 [4th Dept 2021] [internal quotation marks and citation omitted], lv denied 198 AD3d 1338 [2021]; see Matter of Favre v Planning Bd. of the Town of Highlands, 185 AD3d 681, 683 [4th Dept 2020]). Here, a new referral was not required as the project revisions were undertaken in response to the County Planning Board's recommendations and were therefore "embraced within the original referral" (Matter of Town of Mamakating v Village of Bloomingburg,174 AD3d 1175, 1178 [3d Dept 2019] [internal quotation marks and citation omitted]; see Matter of Fruehauf & Chateau Homeowners for a Clean Envt., Inc. v Town of Amherst, 240 AD3d 1420, 1422 [4th Dept 2025]; Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d 829, 831 [2d Dept 2018], lv denied 35 NY3d 901 [2020]). In any event, when viewed in context of the project as a whole, the revisions were not so substantial that a second referral was required (see Matter of Coalition for Cobbs Hill v City of Rochester, 194 [*5]AD3d at 1436; Matter of Favre v Planning Bd. of the Town of Highlands, 185 AD3d at 683). As such, the Town Planning Board did not fail to make a "full statement" of the proposed action by failing to make a second referral to the County Planning Board.

Finally, the Court is not persuaded that approval of Byrne Dairy's site plan application was irrational by virtue of various alleged zoning ordinance violations. The zoning ordinances cited by petitioners were either inapplicable to convenience food marts, waived by the Town Planning Board or otherwise satisfied. Petitioners' remaining contentions, to the extent not specifically addressed, have been reviewed and found to be lacking in merit.

Garry, P.J., Reynolds Fitzgerald, Powers and Mackey, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1

The petition also sought to invalidate the Town Planning Board's negative SEQRA declaration due to an alleged failure to comply with applicable SEQRA procedures. Supreme Court found that SEQRA was satisfied and declined to disturb the negative declaration. Petitioner does not challenge this finding on appeal.