■ In the Matter of ERNALEX CONSTRUCTION REALTY CORP., Appellant, v MICHAEL BELLISSIMO et al., Respondents. [681 NYS2d 298] —In a proceeding pursuant to CPLR article 78, *inter alia,* to annul a determination of the respondent Planning Board of the City of Glen Cove denying approval of a site-plan, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered May 6, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted to the extent that the determination is annulled, and the matter is remitted to the Planning Board of the City of Glen Cove for further proceedings on the site-plan application limited solely to the questions of soil testing for alleged hazardous substances and access of emergency vehicles to the petitioner's site. The Planning Board shall complete the application process with all deliberate speed.

The petitioner, Ernalex Construction Realty Corp., owns a 3.89 acre parcel of vacant land in the City of Glen Cove, a portion of which was purchased by the petitioner from the City of Glen Cove in 1986. Following the purchase, the petitioner filed an application for site-plan approval with the respondent Planning Board of the City of Glen Cove (hereinafter the Planning Board), for the construction of two multiple dwelling buildings containing a total of 88 units.

On September 12, 1989, the City Council of the City of Glen Cove added section 30.60 to its zoning ordinance. This section, known as the "Hillside Protection Ordinance", substantially restricted the development of the petitioner's parcel. Thereafter, on March 21, 1992, the petitioner resubmitted its site-plan application, reducing the size of the project to 45 units. This was eventually reduced to the current plan, which proposes 28 units.

A positive declaration under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) had been issued by the Planning Board on May 17, 1988. Five years later, on July 15, 1993, a scoping session was held (see, 6 NYCRR 617.8). The Draft Environmental Impact Statement (hereinafter the DEIS) was submitted by the petitioner on January 18, 1994. After setting forth possible environmental problems, including increased traffic and a decrease in groundwater recharge due to the introduction of impervious surfaces, the DEIS indicated various mitigation measures that had been incorporated into the project. These included, among others, the clustering of units to permit the preservation of approximately 67% of the parcel's open space, preservation of the existing "greenbelt buffer" along the adjacent Glen Cove Arterial Highway, an architectural design that built units into existing slopes, a road design that includes a cul-de-sac preventing through traffic, and a comprehensive plan to deal with runoff caused by the impervious surfaces created by the project. The DEIS noted that the number of units that were proposed (28 units) was well within the number permitted by the Hillside Protection Ordinance (Glen Cove Municipal Zoning Ordinance § 30.60) (44 units), and the number of parking spaces contemplated (61 spaces) exceeded the number required by city standards (50 spaces).

In response to a request from the Planning Board, a supplemental DEIS was submitted by the petitioner in April 1994. The Planning Board issued its notice of completion under SEQRA on July 27, 1994. A public hearing was held on May 2, 1995.

A Final Environmental Impact Statement (hereinafter FEIS), prepared by the Planning Board, was filed on July 22, 1996. The FEIS noted that "significant" environmental impacts had been raised by comments to the DEIS and supplemental DEIS. In its SEQRA findings, dated August 7, 1996, the Planning Board concluded that these impacts had not been mitigated. As a result, in a resolution, also dated August 7, 1996, site-plan approval was denied. The instant proceeding, challenging that determination, was dismissed by the Supreme Court. We reverse.

The Planning Board's denial of site-plan approval was largely based on six speculative comments that were received by the Planning Board after the submission of the DEIS and supplemental DEIS. These comments raised various unsubstantiated environmental issues, including concerns related to the adequacy of the drainage system to be incorporated into the project, the adequacy of soil testing performed at the site, and the ease with which emergency vehicles would have access to the completed site. Since the comments submitted to the Planning Board were uncorroborated by empirical evidence or expert opinion, they were insufficient to counter the compelling evidence submitted by the petitioner's experts in support of site-plan approval (*see, Matter of Chernick v McGowan,* 238 AD2d 586; *Matter of Framike Realty Corp. v Hinck,* 220 AD2d 501; *Matter of Koncelik v Planning Bd.,* 188 AD2d 469, 470-471; *cf., Matter of Orchards Assocs. v Planning Bd.,* 114 AD2d 850). That evidence included comprehensive soil, traffic, groundwater, and drainage studies that were incorporated into the mitigation measures recommended in the DEIS (*see, Matter of WEOK Broadcasting Corp. v Planning Bd.,* 79 NY2d 373; *Matter of Village of Harriman v Town Bd.,* 153 AD2d 633, 635). Moreover, any additional environmental concerns, legitimately raised by the comments to the DEIS, could have been addressed pursuant to the procedural review process provided in the SEQRA regulations (*see, e.g.,* 6 NYCRR 617.9 [a] [7]). Under such circumstances, the denial of site-plan approval was arbitrary and capricious and made in violation of lawful procedure (*see, Matter of Kahn v Pasnik,* 90 NY2d 569, 574; *Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 688; *Matter of WEOK Broadcasting Corp. v Planning Bd.,* 79 NY2d 373, *supra*). Accordingly, the Planning Board's denial of site-plan approval is annulled and the matter is remitted to the Planning Board for further proceedings on the site-plan application limited solely to the questions of soil testing for alleged hazardous substances and access of emergency vehicles to the petitioner's site. The Planning Board shall complete the

application process with all deliberate speed. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.