In the Matter of FALCON GROUP LIMITED LIABILITY COMPANY, Respondent, v TOWN/VILLAGE OF HARRISON PLANNING BOARD, Appellant. [17 NYS3d 469]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town/Village of Harrison Planning Board dated February 28, 2012, adopting a findings statement pursuant to the State Environmental Quality Review Act

(ECL art 8), in connection with an application for subdivision approval, the Town/Village of Harrison Planning Board appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Adler, J.), dated April 12, 2013, as granted that branch of the petition of Falcon Group Limited Liability Company which was to annul the findings statement and remitted the matter to the Town/Village of Harrison Planning Board for the issuance of a new findings statement that is consistent with a certain Final Environmental Impact Statement.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner, Falcon Group Limited Liability Company (hereinafter Falcon), owns an undeveloped 14.62-acre parcel of land in the Town of Harrison. The property is in an R-1 zoning district, in which single-family homes on one-acre lots are permitted. In May 2005, Falcon submitted an application to the Town/Village of Harrison Planning Board (hereinafter the Board) for approval to subdivide the property into 13 single-family building lots and a 14th lot for stormwater detention. The project would require improvement of a paper street and construction of an emergency access road. It would also require a waiver of the cul-de-sac length requirements of the Town/Village's zoning ordinance and steep slope and wetlands permits.

The Board declared itself the lead agency under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) and adopted a positive declaration finding that the site was significantly constrained by the presence of steep slopes, wetlands, a stream, and subsurface conditions. A public scoping session was held and a draft environmental review statement (hereinafter DEIS) was prepared which included several alternative development plans. The Board accepted the DEIS as complete on March 25, 2008. Public hearings were held on the DEIS, which was then revised to incorporate a further alternative plan. Additional public hearings were held, and a final environmental impact statement (hereinafter FEIS) was prepared. The Board accepted the FEIS as complete on September 27, 2011. The FEIS included two new alternatives which would reduce the density of the project and many of the environmental impacts.

After a public hearing on the FEIS, the Board adopted a findings statement pursuant to SEQRA on February 28, 2012. The Board found that the proposed action, as well as the various alternative development plans, did not minimize or avoid

adverse environmental effects to the maximum extent practicable, and would result in significant adverse environmental impacts that could not be avoided. Falcon commenced this CPLR article 78 proceeding seeking, inter alia, to annul the findings statement on the grounds that it contradicted conclusions reached in the FEIS and DEIS and was not supported by empirical evidence in the record before the Board. The Supreme Court, inter alia, granted that branch of the petition which was to annul the findings statement and remitted the matter to the Board for the issuance of a new findings statement that is consistent with the FEIS. The Board appeals from that portion of the judgment.

Judicial review of an agency determination under SEQRA is limited to whether the agency procedures were lawful and "whether the agency identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986], quoting *Aldrich v Pattison*, 107 AD2d 258, 265 [1985]; *see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231-232 [2007]). "In a statutory scheme whose purpose is that the agency decision-makers focus attention on environmental concerns, it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 416). The agency decision should be annulled only if it is arbitrary, capricious, or unsupported by the evidence (*see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 232).

"The purpose of an environmental impact statement is to provide detailed information about the effect which a proposed action is likely to have on the environment, to list ways in which any adverse effects of such an action might be minimized, and to suggest alternatives to such an action so as to form the basis for a decision whether or not to undertake or approve such action" (ECL 8-0109 [2]). In a findings statement, the lead agency "considers the relevant environmental impacts presented in an EIS, weighs and balances them with social, economic and other essential considerations, provides a rationale for the agency's decision and certifies that the SEQRA requirements have been met" (6 NYCRR 617.2 [p]; *see Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd*, 79 NY2d 373, 380 [1992]). Agencies have considerable latitude in evaluating environmental effects and choosing between alternatives (*see Akpan v Koch*, 75 NY2d 561, 570 [1990]).

While an agency's ultimate conclusion is within the discretion of the agency, it must be based upon factual evidence in the record and not generalized, speculative community objections (*see Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd*, 79 NY2d at 384-385). "While an EIS does not require a public agency to act in any particular manner, it constitutes evidence which must be considered by the public agency along with other evidence which may be presented to such agency" (*Matter of Town of Henrietta v Department of Envtl. Conservation of State of N.Y.*, 76 AD2d 215, 222 [1980]).

Here, the Supreme Court properly annulled the Board's findings statement as unsupported by the evidence. The Board was required to render its conclusions regarding the sufficiency of mitigation measures, the propriety of permit approvals, and a balancing of considerations, based on the evidence contained in the environmental review. The Board's conclusions in the findings statement were based, at least in part, on factual findings which were contradicted by the scientific and technical analyses included in the FEIS and not otherwise supported by empirical evidence in the record (*see Matter of Kinderhook Dev., LLC v City of Gloversville Planning Bd.*, 88 AD3d 1207 [2011]; *Matter of Ernalex Constr. Realty Corp. v Bellissimo*, 256 AD2d 338 [1998]).

The findings statement also failed to give sufficient consideration to the various alternative plans reviewed in the FEIS (*see* ECL 8-0109 [2] [d], [f]; *Matter of Rye Town / King Civic Assn. v Town of Rye*, 82 AD2d 474, 481 [1981]). While the findings statement discussed the alternatives that involved clustering the development into a smaller area, it did not address the reduced-density alternative set forth in the FEIS, which was not a cluster alternative and which reduced many of the environmental impacts of the original plan. Accordingly, the Supreme Court properly granted that branch of the petition which was to annul the findings statement and remitted the matter to the Board for the issuance of a findings statement that is consistent with the FEIS.

The Board's remaining contention is not properly before this Court (*see Matter of Kahn v Planning Bd. of City of Buffalo*, 60 AD3d 1451 [2009]). Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.