■ In the Matter of VILLAGE OF KIRYAS JOEL, NEW YORK, et al., Respondents, v VILLAGE OF WOODBURY, NEW YORK, et al., Appellants, et al., Respondent. [31 NYS3d 83]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to review resolutions adopting the Comprehensive Plan for the Village of Woodbury and Local Law Nos. 3 and 4 of 2011 of the Village of Woodbury, and action, among other things, for a judgment declaring that the Comprehensive Plan for the Village of Woodbury and Local Law Nos. 3 and 4 of 2011 of the Village of Woodbury are void and unenforceable, the Village of

Woodbury, New York, the Village of Woodbury Board of Trustees, the Village of Woodbury Planning Board, and Gary Thomasberger appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Nicolai, J.), dated March 19, 2014, as converted that branch of their motion which was pursuant to CPLR 3211 (a) to dismiss the fourth cause of action into one for summary judgment dismissing that cause of action, thereupon denied that branch of the motion, searched the record, and awarded summary judgment to the petitioners/plaintiffs on the fourth cause of action, granted so much of the petition/complaint as sought to annul the resolutions adopting the Comprehensive Plan for the Village of Woodbury and Local Law Nos. 3 and 4 of 2011 of the Village of Woodbury on the grounds that the Village of Woodbury Board of Trustees failed to comply with the procedural and substantive mandates of the State Environmental Quality Review Act and General Municipal Law § 239-m, annulled the resolutions adopting the Comprehensive Plan for the Village of Woodbury and Local Law Nos. 3 and 4 of 2011 of the Village of Woodbury, and declared that the Comprehensive Plan for the Village of Woodbury is void and unenforceable, and that certain portions of Local Law Nos. 3 and 4 of 2011 of the Village of Woodbury are void and unenforceable, and, in effect, denied that branch of their motion which was pursuant to CPLR 3024 (b) to strike scandalous and prejudicial matter unnecessarily inserted in the pleadings.

Ordered that the appeal from so much of the order and judgment as, in effect, denied that branch of the motion of the Village of Woodbury, New York, the Village of Woodbury Board of Trustees, the Village of Woodbury Planning Board, and Gary Thomasberger which was pursuant to CPLR 3024 (b) to strike scandalous and prejudicial matter unnecessarily inserted in the pleadings is dismissed, as no appeal lies as of right therefrom (see CPLR 5701 [b] [3]), and leave to appeal has not been granted; and it is further,

Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof searching the record and awarding summary judgment to the petitioners/plaintiffs on the fourth cause of action, (2) by deleting the provisions thereof granting so much of the petition/complaint as sought to annul the resolutions adopting the Comprehensive Plan for the Village of Woodbury and Local Law Nos. 3 and 4 of 2011 of the Village of Woodbury on the grounds that the Village of Woodbury Board of Trustees failed to comply with the procedural and substantive mandates of the State Environmental

Quality Review Act and General Municipal Law § 239-m, and substituting therefor a provision denying those branches of the petition/complaint and dismissing those portions of the proceeding/action, and (3) by deleting the provisions thereof annulling the resolutions adopting the Comprehensive Plan for the Village of Woodbury and Local Law Nos. 3 and 4 of 2011 of the Village of Woodbury, and (4) by deleting the provisions thereof declaring that the Comprehensive Plan for the Village of Woodbury is void and unenforceable, and that certain portions of Local Law Nos. 3 and 4 of 2011 of the Village of Woodbury are void and unenforceable; as so modified, the order and judgment is affirmed insofar as reviewed, without costs or disbursements.

The petitioners/plaintiffs commenced this hybrid proceeding, inter alia, pursuant to CPLR article 78 to review resolutions adopting the Comprehensive Plan for the Village of Woodbury (hereinafter the Comprehensive Plan) and Local Law Nos. 3 and 4 of 2011 of the Village of Woodbury (hereinafter together the Zoning Amendments), and action, among other things, for a judgment declaring that the Comprehensive Plan and the Zoning Amendments are void and unenforceable. As relevant here, the petition/complaint alleged that the Comprehensive Plan and the Zoning Amendments are void and unenforceable on the ground that the Village of Woodbury Board of Trustees (hereinafter the Board of Trustees) failed to strictly comply with the procedural and substantive mandates of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), and on the ground that the Board of Trustees failed to comply with General Municipal Law § 239-m. The petition/complaint also alleged, in the fourth cause of action, that the Comprehensive Plan and the Zoning Amendments amounted to unconstitutional exclusionary zoning, and sought a judgment declaring that the Comprehensive Plan and Zoning Amendments are void and unenforceable.

The respondents/defendants Village of Woodbury, New York, the Village of Woodbury Board of Trustees, the Village of Woodbury Planning Board, and Gary Thomasberger (hereinafter collectively the appellants) moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the fourth cause of action. As relevant here, in the order and judgment appealed from, the Supreme Court converted that branch of the motion into one for summary judgment dismissing the fourth cause of action, denied that branch of the motion, searched the record, and awarded summary judgment to the petitioners/plaintiffs on the fourth cause of action. The court also granted so much of the

petition/complaint as sought to annul the Comprehensive Plan and the Zoning Amendments on the ground that the Board of Trustees failed to strictly comply with the procedural and substantive mandates of SEQRA, and on the ground that the Board of Trustees failed to comply with General Municipal Law § 239-m. The court then annulled the resolutions adopting the Comprehensive Plan and the Zoning Amendments, and declared that the Comprehensive Plan is void and unenforceable, and that the Zoning Amendments are void and unenforceable except to the extent that the Zoning Amendments adopted and codified section 310-13 of the Code of the Village of Woodbury. Additionally, the court, in effect, denied that branch of the appellants' motion which was pursuant to CPLR 3024 (b) to strike scandalous and prejudicial matter unnecessarily inserted in the pleadings.

The Supreme Court erred in granting so much of the petition/complaint as sought to annul the Comprehensive Plan and the Zoning Amendments on the ground that the Board of Trustees failed to strictly comply with the procedural requirements of SEQRA. "SEQRA mandates literal compliance with its procedural requirements and substantial compliance is insufficient to discharge the responsibility of the agency under the act" (*Matter of East End Prop. Co. #1, LLC v Kessel*, 46 AD3d 817, 820 [2007]). As relevant here, 6 NYCRR 617.6 (a) (4) permits an agency to waive the requirement for an environmental assessment form (hereinafter EAF) if a draft environmental impact statement is prepared or submitted. In this case, such a draft environmental impact statement was prepared. Thus, the failure to prepare an EAF did not amount to a failure to literally comply with SEQRA's procedural requirements. Accordingly, the court should have denied so much of the petition/complaint as sought to annul the Comprehensive Plan and the Zoning Amendments on the ground that the Board of Trustees failed to strictly comply with the procedural requirements of SEQRA, and dismissed that portion of the proceeding/action.

The Supreme Court also erred in granting so much of the petition/complaint as sought to annul the Comprehensive Plan and the Zoning Amendments on the ground that the Board of Trustees failed to strictly comply with the substantive requirements of SEQRA. "Judicial review of an agency determination under SEQRA is limited to whether the agency procedures were lawful and whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination"

(*Matter of Falcon Group Ltd. Liab. Co. v Town/Village of Harrison Planning Bd.*, 131 AD3d 1237, 1239 [2015] [internal quotation marks omitted]; *see Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). "In a statutory scheme whose purpose is that the agency decision-makers focus attention on environmental concerns, it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 416). "The agency decision should be annulled only if it is arbitrary, capricious, or unsupported by the evidence" (*Matter of Falcon Group Ltd. Liab. Co. v Town/Village of Harrison Planning Bd.*, 131 AD3d at 1239; *see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231-232 [2007]).

Here, the Board of Trustees satisfied SEQRA's substantive requirements. In particular, the Board of Trustees adequately analyzed a reasonable range of alternatives (*see Matter of East End Prop. Co. #1, LLC v Kessel*, 46 AD3d at 822; *Matter of Rusciano & Son Corp. v Kiernan*, 300 AD2d 590, 591-592 [2002]). Accordingly, the Supreme Court should have denied so much of the petition/complaint as sought to annul the Comprehensive Plan and the Zoning Amendments on the ground that the Board of Trustees failed to strictly comply with the substantive requirements of SEQRA, and dismissed that portion of the proceeding/action.

Additionally, the Supreme Court erred in granting so much of the petition/complaint as sought to annul the Comprehensive Plan and the Zoning Amendments on the ground that the Board of Trustees failed to comply with General Municipal Law § 239-m. "To facilitate regional review of amendments to a local zoning ordinance, General Municipal Law § 239-m requires the local municipality to refer its proposed amendments to the county planning board" (*Matter of Benson Point Realty Corp. v Town of E. Hampton*, 62 AD3d 989, 991 [2009]). Here, no record evidence contradicts the Village Planner's assertion that the report of final action was submitted following enactment of the Comprehensive Plan and the Zoning Amendments (*cf. Red Wing Props., Inc. v Town of Milan*, 71 AD3d 1109, 1112 [2010]). Moreover, the revisions made to the Comprehensive Plan and the Zoning Amendments after referral were "embraced within the original referral" (*Matter of Benson Point Realty Corp. v Town of E. Hampton*, 62 AD3d at 992). Accordingly, the Supreme Court should have denied so much of the petition/complaint as sought to annul the Compre-

hensive Plan and the Zoning Amendments on the ground that the Board of Trustees failed to comply with General Municipal Law § 239-m and dismissed that portion of the proceeding/action.

Since the Supreme Court should not have granted so much of the petition as sought to annul the Comprehensive Plan and the Zoning Amendments on the ground that the Board of Trustees failed to comply with the procedural and substantive mandates of SEQRA, and failed to comply with General Municipal Law § 239-m, it should not have annulled the resolutions adopting the Comprehensive Plan and the Zoning Amendments based upon these allegations.

With respect to the fourth cause of action, which alleged that the Comprehensive Plan and the Zoning Amendments are void and unenforceable on the ground that they amount to unconstitutional exclusionary zoning, we conclude that neither side is entitled to summary judgment. "[B]oth the constitutional and statutory validity of a zoning ordinance depend on the facts of the particular case and whether it is really designed to accomplish a legitimate public purpose" (*Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville*, 51 NY2d 338, 343 [1980] [internal quotation marks omitted]). "As legislative acts, zoning ordinances carry a presumption of constitutionality. We have stated on several occasions that this presumption is rebuttable, but that unconstitutionality must be demonstrated beyond a reasonable doubt" (*id.* at 344 [citations omitted]). "Generally then, a zoning ordinance enacted for a statutorily permitted purpose will be invalidated only if it is demonstrated that it actually was enacted for an improper purpose or if it was enacted without giving proper regard to local and regional housing needs and has an exclusionary effect. Once an exclusionary effect coupled with a failure to balance the local desires with housing needs has been proved, then the burden of otherwise justifying the ordinance shifts to the defendant" (*id.* at 345).

Here, triable issues of fact exist as to whether the Comprehensive Plan and the Zoning Amendments amount to unconstitutional exclusionary zoning. Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the fourth cause of action, but erred in searching the record and awarding summary judgment to the petitioners/plaintiffs on the fourth cause of action. Concomitantly, the court should not have declared that the Comprehensive Plan and certain portions of the Zoning Amendments are void and unenforceable based upon the fourth cause of action.

The appellants' remaining contentions are without merit. Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.