In a hybrid proceeding pursuant to CPLR article 78 to review three determinations of the Planning Board of the Town of Ramapo, all dated March 22, 2013, which granted three separate applications of the respondent Scenic Development, LLC, for final subdivision and site plan approval of three housing development projects, respectively, and action for injunctive relief, the petitioners/plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland County (Walsh II, J.), dated May 19, 2014, as, in effect, denied the petition and dismissed the proceeding.
 

 Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents/defendants appearing separately and filing separate briefs, and the petition is granted.
 

 For the reasons stated in Matter of Shapiro v Planning Bd. of the Town of Ramapo (155 AD3d 741 [2017] [decided herewith]), we conclude that the petitioners demonstrated that the Planning Board of the Town of Ramapo failed to adequately consider the presence of wetlands on the subject property, failed to properly apply section 376-42 (A) of the Code of the Town of Ramapo, and failed to require in its determinations dated March 22, 2013, the creation of a homeowners’ association to manage common areas of the development as a condition of site plan and subdivision approval.
 

 The parties’ remaining contentions either need not be addressed in light of our determination in Matter of Shapiro v Planning Bd. of the Town of Ramapo (155 AD3d 741 [2017] [decided herewith]) or are without merit.
 

 Accordingly, the Supreme Court should have granted the petition (see Matter of Bronx Comm. for Toxic Free Schs. v New York City Sch. Constr. Auth., 20 NY3d 148, 155-156 [2012]).
 

 Leventhal, J.P., Austin, Cohen and Duffy, JJ., concur.