Matter of Calverton Manor, LLC v Town of Riverhead (2018 NY Slip Op 02608)





Matter of Calverton Manor, LLC v Town of Riverhead


2018 NY Slip Op 02608


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2014-10170
 (Index No. 5582/04)

[*1]In the Matter of Calverton Manor, LLC, appellant,
v
Town of Riverhead, et al., respondents.


Certilman Balin Adler & Hyman LLP, Hauppauge, NY (John M. Wagner of counsel), for appellant.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo LLP, Riverhead, NY (Jennifer Nigro of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a resolution of the Town Board of the Town of Riverhead adopting a Comprehensive Plan for the Town of Riverhead, and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated July 15, 2014, which denied its motion for summary judgment on the petition/complaint, denied the petition, in effect, dismissed the proceeding, and declared that the Comprehensive Plan is a legal, constitutional, and valid exercise of the police and zoning powers of the respondent/defendant Town Board of the Town of Riverhead.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner/plaintiff (hereinafter the petitioner) submitted a site plan application in 2001 to construct numerous commercial and residential buildings on an undeveloped parcel of land in the respondent/defendant Town of Riverhead (hereinafter the Town). The petitioner worked with Town officials to revise the site plan application to bring it into compliance with then-applicable zoning rules. Meanwhile, since 1997 the respondent/defendant Town Board of the Town of Riverhead (hereinafter the Town Board) had been in the process of developing a new Comprehensive Plan (hereinafter the Comprehensive Plan) for the Town. The "goals and policies" of the Comprehensive Plan included "protect[ing] open space and farmland, while concentrating development" into certain specified areas. The Comprehensive Plan proposed eliminating certain permitted uses on the petitioner's parcel critical to the site plan application. The petitioner submitted its last revised site plan application in September 2003. While that application was still pending, the Town Board adopted the Comprehensive Plan on November 3, 2003.
The petitioner commenced several related hybrid proceedings/actions against the Town and the Town Board (hereinafter together the respondents) in the Supreme Court, Suffolk County. The instant hybrid proceeding/action challenges the Town Board's adoption of the Comprehensive Plan.
The petitioner moved for summary judgment on the petition/complaint, arguing, among other things, that the Town Board failed to comply with General Municipal Law § 239-m and Town Law § 272-a, failed to comply with the procedural and substantive requirements of the State Environmental Quality Review Act (see ECL art 8; hereinafter SEQRA), and exceeded its zoning powers. The Supreme Court denied the motion, denied the petition, in effect, dismissed the proceeding, and declared that the Comprehensive Plan is a legal, constitutional, and valid exercise of the police and zoning powers of the Town Board. The petitioner appeals, and we affirm.
Contrary to the petitioner's contention, the Town Board made a proper referral of the Comprehensive Plan to the Suffolk County Planning Commission. Prior to adopting a comprehensive plan, a town board must "refer the proposed comprehensive plan or any amendment thereto to the county planning board or agency or regional planning council for review and recommendation as required by" General Municipal Law § 239-m (Town Law § 272-a[5][b]). General Municipal Law § 239-m, in turn, requires a town to "submit to the county planning agency a full statement of such proposed action'" (Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 139 AD3d 742, 744, quoting General Municipal Law § 239-m[1][c]). Here, contrary to the petitioner's contentions, the revisions made to the Comprehensive Plan after the referral were " embraced within the original referral'" such that the Town Board did not fail to make a full statement of its proposed action (Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, N.Y., 138 AD3d 1008, 1012, quoting Matter of Benson Point Realty Corp v Town of E. Hampton, 62 AD3d 989, 992; see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 678-679).
We agree with the Supreme Court that the Town Board complied with the procedural and substantive requirements of SEQRA. First, " SEQRA mandates literal compliance with its procedural requirements and substantial compliance is insufficient to discharge the responsibility of the agency under the act'" (Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, N.Y., 138 AD3d at 1011, quoting Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d 817, 820). The petitioner here failed to identify any procedural requirement that the Town Board violated in adopting the Comprehensive Plan. In particular, the Town Board did not improperly segment environmental review by adopting the Comprehensive Plan separately from the zoning amendments implementing it. The draft and final generic environmental impact statements (hereinafter the draft and final GEISs) explicitly analyzed the expected cumulative impacts of the Town Board enacting zoning amendments consistent with the proposals in the Comprehensive Plan.
Second, " [j]udicial review of an agency determination under SEQRA is limited to whether the agency procedures were lawful and whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination'" (Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, 138 AD3d at 1011, quoting Matter of Falcon Group Ltd. Liab. Co. v Town/Village of Harrison Planning Bd., 131 AD3d 1237, 1239). "The agency decision should be annulled only if it is arbitrary, capricious, or unsupported by the evidence" (Matter of Falcon Group Ltd. Liab. Co. v Town/Village of Harrison Planning Bd., 131 AD3d at 1329; see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232). Here, the Town Board complied with the substantive requirements of SEQRA. Most notably, the draft and final GEISs discussed mitigation measures, reasonable alternatives to the proposed action, and specific conditions under which future actions will be undertaken or approved in the appropriate level of detail (see 6 NYCRR 617.10; Matter of [*2]Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 319; Matter of Rusciano & Son. Corp. v Kiernan, 300 AD2d 590, 592). The draft and final GEISs also contained the appropriate level of detail (see 6 NYCRR 617.10[a], [c]).
The petitioner failed to demonstrate that the Town Board otherwise violated Town Law § 272-a in crafting or adopting the Comprehensive Plan (see Town Law § 272-a[5][b]; [6][b]; [8], [10], [12]).
Contrary to the petitioner's contention, the Comprehensive Plan is a legal, constitutional, and valid exercise of the police and zoning powers of the Town Board. "Legislative enactments are entitled to an exceedingly strong presumption of constitutionality'" (Nicholson v Incorporated Vil. of Garden City, 112 AD3d 893, 894, quoting Lighthouse Shores v Town of Islip, 41 NY2d 7, 11). "A local law is cloaked with the same strong presumption of constitutionality as a statute" (Nicholson v Incorporated Vil. of Garden City, 112 AD3d at 894; see Town of Huntington v Park Shore Country Day Camp of Dix Hills, 47 NY2d 61, 65). "With the police power as the predicate for the State's delegation of municipal zoning authority, a zoning ordinance will be struck down if it bears no substantial relation to the police power objective of promoting the public health, safety, morals or general welfare" (Trustees of Union Coll. in Town of Schenectady in State of N.Y. v Members of Schenectady City Council, 91 NY2d 161, 165; see Berenson v Town of New Castle, 38 NY2d 102, 107-108).
Here, the Comprehensive Plan's proposed designation of a largely contiguous swath of cultivated and undeveloped land as an agricultural protected zone bore a rational relationship to numerous legitimate purposes, including, but not limited to, the preservation and promotion of agriculture (see Agriculture and Markets Law §§ 3, 300), the preservation of "agricultural integrity" (Schlossin v Town of Marilla, 48 AD3d 1118, 1120), and preservation of the Town's rural aesthetics and character (see Matter of Wallach v Town of Dryden, 23 NY3d 728, 743; Modjeska Sign Studios v Berle, 43 NY2d 468, 478; Curtiss-Wright Corp. v Town of E. Hampton, 82 AD2d 551, 556). Likewise, the petitioner's contention that the Comprehensive Plan's goal of promoting agriculture exceeded the Town Board's zoning powers is meritless (see Agriculture and Markets Law §§ 3, 300).
The petitioner's remaining contentions are either without merit or are improperly raised for the first time in its reply brief (see U.S. Bank N.A. v Dellarmo, 128 AD3d 680, 681).
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court