91 Fowler LLC v Incorporated Vil. of Southampton (2026 NY Slip Op 50170(U))

[*1]

91 Fowler LLC v Incorporated Vil. of Southampton

2026 NY Slip Op 50170(U)

Decided on February 17, 2026

Supreme Court, Suffolk County

Hackeling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 17, 2026
Supreme Court, Suffolk County

91 Fowler LLC, Petitioner/Plaintiff,

againstThe Incorporated Village of Southampton, THE PLANNING BOARD OF THE INCORPORATED VILLAGE OF SOUTHAMPTON, and THE BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF SOUTHAMPTON, Respondents/Defendants, 
 and RRFACF, LLC, Additional Respondent/Defendant.

Index No. 634772/2025

Lynn Gartner Dunne Frigenti & Renke, LLPAttorney for petitioner445 Broadhollow Road, Suite 105Melville, New York 11747-3601Southampton Village AttorneyAttorney for respondent23 Main StreetSouthampton, New York 11968Bennett & Read LLPAttorneys for developer212 Windmill LaneSouthampton, New York 11968

C. Stephen Hackeling, J.

91 Fowler LLC, the petitioner/plaintiff in the above-captioned action (hereafter the [*2]"Objecting Neighbor") moves via Order to Show Cause dated January 5, 2026, (NYSCEF Doc. Nos. 1-92) pursuant to CPLR Articles 63 and 78 seeking the following relief:
a) annulling, vacating and setting aside the October 6,2025 Negative Declaration issued by the Planning Board of the Incorporated Village of Southampton in connection with the preliminary subdivision application of RRFACF, LLC, because it was made in violation of lawful procedure, was affected by an error of law, was arbitrary, capricious, and an abuse of discretion; b) order annulling, vacating and setting aside Resolution Nos. 2025-506 and 2025 575 and Local Law No. 9 approved by Board of Trustees of the Incorporated Village of Southampton ("Local Law No. 9") which amended Chapter 54 of the Village Code to remove the issuance of wetlands permits from the list of designated Type I actions under SEQRA because they were made in violation of lawful procedure, were affected by an error of law, were arbitrary, capricious, and an abuse of discretion;c) declaration pursuant to CPLR § 3001 that Local Law No. 9 is null and void;d) declaring pursuant to CPLR § 3001 that the preliminary plat subdivision application of RRFACF for the property located at 550 and 560 Wickapogue Road, Southampton, New York is a Type I action under former Village Code Chapter 54-4(B)(2) and must be reviewed accordingly pursuant to SEQRA;e) declaring judgment pursuant to CPLR § 3001 that the Planning Board violated the Open Meetings Law (Public Officers Law § 100 et seq.) and awarding Petitioner costs and attorneys fees;f) granting a preliminary injunction and stay pursuant to CPLR §§ 7805 and 6301 (i) enjoining Respondents, their agents, servants, representatives and all other persons, known or unknown, acting on their behalf or in concert with them in any manner or by any means from taking any further action to advance, process, approve, condition, review, or act upon the preliminary plat subdivision application of RRFACF, LLC for the property located at 550 and 560 Wickapogue Road, Southampton, New York, including but not limited to conducting hearings, issuing determinations, granting approvals, accepting submissions, or referring any matter to any Village, County, or State agency; and (ii) enjoining Respondents from enforcing, implementing, or relying upon Local Law No. 9 amending Chapter 54 of the Village Code, including treating the issuance of wetlands permits or any subdivision-related approvals as anything other than a Type I action pending the final determination of this proceeding.Respondents, the Village of Southampton, together with its Trustees and Planning Board (hereafter referred to as the "Village") oppose said relief (NYSCEF Doc. No. 103) as does respondent RRFACF LLC (hereafter "the Developer") (NYSCEF Doc. Nos. 93-102). The Court conducted a hearing on the preliminary injunction request on January 28, 2026, at which time all parties were heard.DECISIONThe limited issues presented in this hearing are whether the Objecting Neighbor is entitled to a preliminary injunction blocking the Village from approving a subdivision on the [*3]subject 27 acre real property located on Wockapoque Road, Southampton, New York, as well as enjoining the Village from enforcing Local Law No. 9 concerning the issuance of wetland permits and workforce housing zoning. Boiled down to its most common denominator, the Objecting Neighbor asks this Court to review whether the Planning Board complied with New York State's State Environmental Quality Review Act (hereafter "SEQRA") when it issued a negative SEQRA declaration on October 6, 2025, in conjunction with (but prior to adoption of) the preliminary subdivision application of the Developer and also when the Village amended Chapter 54 of the Village Code (Local Law No. 9 and Resolutions 2025-506 and 2025-575) removing the issuance of wetland permits from the list of designated Type 1 SEQRA actions.
The decision to grant or deny provisional relief, which requires the court to weigh a variety of factors, is a matter ordinarily committed to the sound discretion of the lower courts. Nobu Next Door LLC v Fine Arts Housing Inc., 4 NY3d 839 (2005). The party seeking a preliminary injunction must demonstrate a probability of success on the merits, a danger of irreparable injury in the absence of an injunction and a balance of equities in its favor. See CPLR 6301, Doe v Axelrod, 73 NY2d 748 (1988). In this case, the probability of success on the merits is the element that the Court believes deserves most attention because there is little danger of irreparable injury, and it appears that the balance of equities partially tips in the Objecting Neighbor's favor.
The Southampton Village SEQRA review component is easily disposed of as the efficacy of a SEQRA review is not ripe until such time as the Village makes a "final" decision concerning the approval of the disputed subdivision. See CPLR § 7801(1); Long Island Pine Barrens Soc. Inc. et. al. v Planning Board of the Town of Brookhaven, 78 NY2d 608 (1991). The Village is presently only considering the application for a preliminary approval.
A preliminary subdivision approval constitutes a formal approval which is a final decision. See NYS Village Law § 7-738 citing to Village Law § 7-728(5). The time to challenge a SEQRA finding commences to run upon the filing of the preliminary map subdivision approval, not upon the declaration of significant/nonsignificant environmental consequence. See L.I. Pine Barrens Soc. v Planning Bd. Town of Brookhaven, 78 NY2d at 612; see also, Group for the South Fork Inc. v Roy Wines, et al., 190 AD2d 794 (2d Dept. 1993). As this aspect of the parties' controversy is not ripe, an injunction is premature, and that component of the Objecting Neighbor's application is therefore denied.
The SEQRA issues concerning the Village's removal of wetland permits from the list of Type 1 actions is more problematic. The Objecting Neighbor argues that amending the Village's wetland law is environmentally significant as the subject disputed subdivision will require wetland permit approvals. The Developer asserts that the subdivision requires no wetland permits under either the old or new law. In fact, the Developer's counsel stated that the request to annul Local Law No. 9 is not really his client's concern.
SEQRA (Environmental Conservation Law Art. 8-0101 et. seq.) mandates the preparation of an environmental impact statement when a proposed project (inclusive of statutory amendments) may have a significant effect upon the environment (emphasis added) See Village of Tarrytown v Planning Board of Village of Sleepy Hollow, 292 AD2d 617 (2d Dept. 2002). If no significant effect is found, the lead agency may issue a negative declaration after identifying areas of environmental concern and providing a reasoned explanation of why the proposed action will have no effect upon the environment. See generally Cedar St. Comm. v Board of Education of E. Hampton Union Free Sch. Dist., 223 AD3d 738 (2d Dept. 2024). [*4]"Judicial review of an agency determination under SEQRA is limited to whether the agency procedures were lawful and whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" Joel v Village of Woodbury, 138 AD3d 1008 (2d Dept. 2016).
This Court will temporarily abstain from analysis of the rationality of the Village's decision to amend its wetland law to change its SEQRA classification from Type I (significant) to an unlisted action (possibly insignificant) and to determine whether same is consistent with its Comprehensive Plan[FN1]
. Such analysis is premature considering this Court's previous decision concerning the perils of conducting SEQRA reviews simultaneously with approving accompanying local laws. See Matter of Save Sag Harbor, et al v. Village of Sag Harbor, 78 Misc 3d 1225(A) (Sup. Ct, Suffolk County 2023).
In the case at bar, the negative declaration was dated September 11, 2025; the same day as the approval vote for Local Law No. 9. The Village's discussion of both matters is only two transcript pages (NYSCEF Doc. No. 78) and does not involve any environmental discussion. Parts II and III of the Environmental Impact Statement (which was prepared and signed by the Planning Dept. Director) are also dated September 11, 2025. Moreover, these documents contain a line for the Village Mayor to sign but it was not executed. (NYSCEF Doc. No. 81). Absent the Mayor's signature, the record contains no proof that the EIS Parts II and III were reviewed by the Trustees.
Under these facts it appears that the Objecting Neighbor will prevail in his request to annul Local Law No. 9. Considering the Developer's nonobjection to the proposed injunction and the fact that the Southampton Village does not appear to be prejudiced by continuing to be governed by a preexisting longstanding statute, the equities of the case favor granting a preliminary injunction to the Objecting Neighbor as to this component of its demand for relief.
Accordingly, the Court grants that portion of the Objecting Neighbor's order to show cause (mot. seq. no. 001) seeking the imposition of a preliminary injunction against the Village from enforcing Local Law No. 9 of the laws of 2025[FN2]
. The balance of the Objecting Neighbor's order to show cause seeking to (i) annul the October 6, 2025 negative declaration; (ii) annul Resolution Nos. 2025-506 and 2025-575; (iii) declare that Local Law No. 9 is void; (iv) declare the subject property must be reviewed as Type I according to SEQRA; and (v) declare that the Village violated the Open Meetings Law and the motions to dismiss (mot. seq. no. 001 and 002) are adjourned for oral argument on March 25, 2026, at 11:00 a.m.
Dated: February 17, 2026Hon. C. Stephen Hackeling, JSC

Footnotes

Footnote 1: The Court notes this amendment also contains a "zone/use" change for "workforce housing" which may require its own independent SEQRA review.

Footnote 2: The parties declined the Court's offer to consider the record of almost 100 documents as closed to allow for a final disposition of case.